OLE HALVORSEN v. MOON & KERR LUMBER COMPANY.[1]

June 27, 1902.

Nos. 13,043—(56).

**Declarations of Decedent.**

Declarations, whether verbal or written, made by a deceased person, as to facts presumably within his knowledge, if relevant to the matter of inquiry, are admissible in evidence between third parties when it appears that: (a) The declarant is dead; (b) the declaration was against his pecuniary interest; (c) the declaration was of a fact in relation to a matter of which he was personally cognizant; (d) the declarant had no probable motive to falsify the fact declared.

**Origin of Fire.**

Rule applied, and *held*, that the declarations of a deceased person as to the origin of the fire that consumed the plaintiff's building were admissible as evidence in this case.

Action in the district court for St. Louis county to recover $5,250 damages for destruction of plaintiff's buildings by a fire alleged to have been caused by the negligence of defendant. The

[1] Reported in 91 N. W. 28.

case was tried before Dibell, J., and a jury, which rendered a verdict in favor of plaintiff for the sum demanded. From an order granting a motion for a new trial, plaintiff appealed. Affirmed.

*M. C. Palmer, J. L. Washburn* and *W. D. Bailey,* for appellant.

*John G. Williams, Towne & Merchant, James Wickham* and *Billson & Congdon,* for respondent.

START, C. J.

On June 7, 1900, a building of which the plaintiff was the owner, in the city of Virginia, this state, caught fire and burned down, and from it there spread a fire which consumed a large part of the city, including another and distant dwelling owned by the plaintiff. At the time the fire broke out in the plaintiff's building, the first floor of which was used for a butcher shop, the saw mill plant of the defendant, situate some half a mile away, was in flames from a fire started on the premises of the defendant in or near a shavings bin, which extended to its planing and saw mills. This action was brought to recover plaintiff's damages for the loss of both his buildings upon the alleged ground that the starting of the fire on the defendant's premises was due to its negligence, and that the plaintiff's building, hereafter referred to as the butcher shop, was destroyed by fire communicated from the defendant's burning mills. These allegations were put in issue by its answer. The jury returned a verdict for the plaintiff for $5,250, and the defendant made a motion for a new trial on the ground that the verdict was not justified by the evidence, and for errors of law occurring at the trial, specifying them. Thereupon the trial court made its order in these words:

"Defendant's motion for a new trial of the above-entitled action is hereby granted."

No memoranda were attached thereto. The plaintiff appealed from the order.

In view of the form of the order and the provisions of Laws 1901, c. 46, we cannot presume that the new trial was granted upon the ground that the verdict was not justified by the evidence; hence we do not consider that question, but direct our attention to

the question whether any errors of law were committed on the trial which justify the court's order.

On the trial the question of the origin of the fire which destroyed the butcher shop,—whether it was from within or from without,—was an essential issue; for, if such fire was started inside of the shop, the conclusion would necessarily follow that its loss was not due to the fire on the defendant's premises; and if such were the case the defendant in no event could be held liable for the loss of the plaintiff's buildings. The evidence on this question was conflicting. There was evidence on the part of the defendant tending to show that the fire which burned the butcher shop did not originate from the burning of its mills, but that it originated in the sausage room of the shop, from the boiling over and taking fire of grease in a kettle therein; that the person in charge of the sausage room was George Schlink, who was dead at the time of the trial. The evidence on the part of the plaintiff tended to disprove the alleged fact that the origin of the fire was within the shop, and to show that it caught fire on the outside from brands, cinders, and sparks from the defendant's burning mills. Thereupon the defendant called as a witness Neil McLeod, who testified that he knew George Schlink, and met him in the city of Virginia seventeen days after the fire, and had a conversation with him in which the subject of the fire was referred to. He was then asked what the conversation was, and an objection to the question was made by the plaintiff and sustained by the court. The defendant then made the offer, the plaintiff the objection, and the court the ruling, following:

"The defendant offers to prove by the witness on the stand, Neil McLeod, that George Schlink, the man in charge of the sausage room at Halvorsen's building, stated to him, shortly after the fire, that he was there on the day of the fire trying lard in the sausage room; that when the alarm was given of the mill fire he left the lard kettle boiling and went out to see the mill fire; and that when he returned the lard kettle had boiled over and set the room and building on fire. Objected to as incompetent, irrelevant, and immaterial and hearsay; doesn't purport to be any statement or declaration of any person made in the presence or hearing of the plaintiff. Objection sustained."

The rejection of this evidence was assigned as error on the motion for a new trial. The understanding of counsel on both sides, as we gather from the briefs, is that the trial judge granted a new trial of the action because he was of the opinion that it was error to exclude the offered evidence. However this may be, we have reached the conclusion that it was error to reject the evidence, and that it justified the order granting a new trial. Confessedly the evidence was hearsay, but it falls within a necessary and established exception to the general rule excluding hearsay evidence. The exception is this: Declarations, whether verbal or written, made by a deceased person, as to facts presumably within his knowledge, if relevant to the matter of inquiry, are admissible in evidence as between third parties, when it appears that: (a) The declarant is dead; (b) the declaration was against his pecuniary interest; (c) the declaration was of a fact in relation to a matter of which he was personally cognizant; (d) the declarant had no probable motive to falsify the fact declared. Hosford v. Rowe, 41 Minn. 245, 42 N. W. 1018; Baker v. Taylor, 54 Minn. 71, 55 N. W. 823; County v. Ingalls, 16 Iowa, 81; 1 Greenleaf, Ev. § 147; 3 Am. Law Reg. (N. S.) 641; 9 Am. & Eng. Enc. (2d Ed.) 8.

Some of the adjudged cases contain statements, some of them obiter, to the effect that to entitle such declarations to be admitted in evidence it must appear that they were made before there was any controversy as to the matter to which they relate. Upon principle and authority it must be held, and we so hold, that the true test is not whether the declarations were made ante litem motam, but whether they were made under circumstances justifying the conclusion that there was no probable motive to falsify the facts declared. The existence or nonexistence of a controversy at the time a declaration was made might be a material circumstance to enable the court to determine whether there was any probable motive for the declarant to falsify as to the facts declared. Whether the fact that the declaration was made after a controversy arose would tend to show such motive would depend upon the character and facts of each particular case. In a case involving a question of pedigree it might, for it is natural for a person to take pride in the history of his family, and to talk about

it; and, if he never made any statements concerning it until a controversy arose, it would be unnatural. But in other cases where, as in this one, the effect of the declaration would be to furnish evidence of facts which could be made the basis of a pecuniary claim against the declarant, the fact that a controversy had arisen would seem to negative any motive to falsify the facts against himself.

The admissibility of the offered evidence must be tested by the rule we have stated. There is no controversy as to the first condition, for it was admitted on the trial that the declarant was dead. The plaintiff claims, and supports his contention by an ingenious argument, that the declaration in question was not against the pecuniary interest of the declarant. We are of the opinion that the facts claimed to have been admitted by him, taken in connection with the fact that he had charge of the sausage room, furnished the basis of a pecuniary claim against him on the ground of his negligence. The declaration was admittedly of facts relevant to the issue, of which the declarant was personally cognizant. And, lastly, it was made under circumstances justifying the conclusion that there was no probable motive to falsify the facts declared. It follows that the offered evidence of the declarations of Schlink was admissible, and that for this reason the trial court was justified in granting a new trial of the action. Whether any other errors of law were committed on the trial which would justify the order granting a new trial we do not consider or determine, as it is unnecessary to do so.

Order affirmed.