## EZRA PAINE v. JAY W. CRANE.[1]

November 25, 1910.

Nos. 16,870—(92).

**Review of ruling upon objection to evidence — declarations by decedent.**

Action to determine adverse claims to real estate. The findings of fact were to the effect that the plaintiff was the owner in fee of the land described in the complaint, and that the defendant had no interest therein or lien thereon. *Held:*

1. The findings are sustained by the evidence. The trial court did not err in denying defendant's motion for a new trial on the ground of newly discovered evidence, nor in its rulings as to the admission of evidence.

2. The object of an objection to the admission of evidence is to enable the court to rule intelligently thereon, and if it is not sufficiently specific for such purpose, and is overruled, the correctness of the ruling cannot be reviewed in this court. Where, however, the objection is sustained, the burden is on the appellant to show that the ruling is erroneous on its merits.

3. Declarations made by a person since deceased as to facts relevant to the issue are admissible in evidence between third parties, when it appears that they were against his pecuniary interest and related to a matter of which he was personally cognizant, and that he had no probable motive to falsify the facts. Whether a foundation for the admission of such declarations has been shown is a question addressed to the discretion of the trial judge.

[1]Reported in 128 N. W. 574.

Action in the district court for Hennepin county to determine adverse claims to certain land. The case was tried before Dickinson, J., who made findings of fact and as conclusion of law found that plaintiff was entitled to judgment and entitled to the possession of the real estate, and that defendant had no estate in or lien upon the premises. From an order denying defendant's motion for a new trial, he appealed. Affirmed.

*Jay W. Crane*, pro se.

*E. E. Witchie* and *Eli Southworth*, for respondent.

START, C. J.

Appeal from an order of the district court of the county of Hennepin denying the defendant's motion for a new trial. The action was one to determine adverse claims to eighty acres of land. The complaint alleged that the plaintiff was the owner in fee of the land and in the possession thereof, and that the defendant claimed an adverse estate or interest therein or lien thereon. The answer admitted that the plaintiff was in the possession of the land, but denied that he was the owner thereof, and alleged that the defendant was the owner thereof. The cause was tried by the court without a jury.

On the trial the defendant claimed, and introduced evidence tending to show, that he was the owner of the land under and by virtue of an execution sale thereof on a judgment against John Paine, the alleged owner at the time the judgment was docketed, by virtue of an unrecorded and destroyed deed of the land from his brother, the plaintiff, to him. The evidence with reference to this claim was conflicting, and upon a consideration thereof the court found that the plaintiff was the owner of the land, and that the defendant had no interest therein or lien thereon, and directed judgment accordingly. Thereupon the defendant made a motion for a new trial on the ground of newly discovered evidence; that the findings of fact were not sustained by the evidence, and that the court erred in excluding evidence of certain alleged declarations of John Paine, deceased. These several grounds are here urged.

An examination of the record shows that the findings of fact are sustained by the evidence, and that the trial judge did not abuse

his discretion in denying the motion for a new trial on the ground of newly discovered evidence.

The only serious question presented by the record is whether the trial court erred in excluding evidence of alleged declarations of John Paine made in his lifetime. The alleged declarations were to the effect that John Paine told the witness by whom it was proposed to prove the declarations that he had a deed of the land in question executed by the plaintiff to Ezra Paine, who told him not to record it because, if he did, a judgment for $500 against him would be collected out of the land. The evidence was objected to on the ground that it was incompetent. The trial court sustained the objection in these words: "I cannot avoid the conclusion that the question must be tested by the motives which would be presumed to actuate a declarant at the time the statements were made, and judged from that standard the statements were not against interest. I am quite confident that it would be error to receive that testimony."

It is urged that the general objection was not sufficient to raise the question whether or not it would be hearsay. The object of an objection to the admission of evidence is to enable the trial judge to rule intelligently thereon, and, if it is not sufficiently specific for such purpose, and the objection is overruled, the correctness of the ruling cannot be reviewed in this court. The objection, however, was sustained, and, the defendant here challenging the correctness of the ruling, the burden is on him to show that it was erroneous on the merits. Even if the defendant were in a position to raise the question whether the objection was sufficiently specific to advise the court of the real ground of objection, namely, that the evidence was incompetent because it was hearsay, his contention in this respect would have to be overruled, because the reason assigned by the court in sustaining the objection shows that the court fully appreciated the ground of the objection.

This brings us to the merits of the ruling. It is a general rule that hearsay evidence is incompetent; but there are well-established exceptions to this rule. One exception is that declarations or statements made by a person since deceased as to facts relevant to the issue are admissible in evidence between third parties, when it ap-

pears that the declarations were against his pecuniary interests, and related to a matter of which he was personally cognizant, and that he had no probable motive to falsify the fact declared. Halvorsen v. Moon & Kerr Lumber Co., 87 Minn. 18, 91 N. W. 28, 94 Am. St. 669, notes. Whether a foundation for the admission of such declarations has been shown is a question addressed to the discretion of the trial judge, and his decision thereon will not be reversed, if there be any evidence fairly tending to support it. McManus v. Nichols-Chisholm Lumber Co., 109 Minn. 355, 123 N. W. 1080.

In this case the trial court correctly held that the alleged declarations were not against the pecuniary interest of the deceased, and excluded the proposed evidence. It is obvious on the face of the alleged declaration that it was not against interest, and the ruling of the court was correct.

The defendant further offered to show by another witness that he had a conversation with John Paine, who then told him that "he was going to let the redemption of the mortgage foreclosure go, so that Ezra could get the property and give him back a deed, and that he was going to do this for the purpose of avoiding payment on this Curle judgment." This evidence was objected to as incompetent, and the court made the same ruling as on the first offer. This ruling is alleged as error, because "it was to John Paine's pecuniary interest to keep his mouth shut," for by telling the witness in effect that he owned the land, and disclosing his plan for avoiding the judgment, he made it possible for the witness to inform the judgment creditor of such ownership. This ingenious reasoning eliminates the fact, sought to be proven by the offered evidence, that John Paine was the owner of the land, the title to which was of record in another. Clearly the declaration of such fact was not against his pecuniary interest, but expressly to the contrary, for it was an assertion of title in himself. The ruling of the trial court was correct.

Order affirmed.