## ANNIE COLLINS v. MARY DOWLAN and Another.[1]

June 14, 1912.

Nos. 17,614—(147).

**Will — findings sustained by evidence.**

Evidence considered, and *held* to support the findings of the trial court to the effect that a will was properly executed, that the testatrix was of sound mind, and that there was no undue influence.

**Admission of evidence.**

Certain rulings on the admission of evidence considered, and *held* that no prejudicial error was made.

[1] Reported in 136 N. W. 854.

[Note]   What constitutes testamentary capacity, see note in 27 L.R.A.(N.S.) 2.

Annie Collins, as guardian of John J. Collins, insane, appealed to the district court for Ramsey county from an order of the probate court for that county admitting to probate the will of Sarah Collins, deceased. The appeal was tried before Brill, J., who made findings and as conclusions of law determined that the instrument was the last will and testament of Sarah Collins, deceased, that it should be allowed and admitted to probate, and that the order of the probate court appealed from should be affirmed. From an order denying the motion made on behalf of contestant, Annie Collins, as guardian of John J. Collins, insane, for a new trial, she appealed. Affirmed.

*M. A. Jordan* and *Thomas Kneeland,* for appellant.

*Thomas C. Daggett,* for respondents.

BUNN, J.

Sarah Collins died March 4, 1911, at the age of eighty-five, at the home of her daughter Mary Dowlan, with whom she had lived for nine years. April 19, 1909, she made a will, in which she directed her executors to sell her farm in Sibley county and out of the proceeds to pay her daughter Mary Dowlan $3,000, and to divide the balance equally between her four other children. Mary Dowlan was made the residuary legatee, and an executrix of the will.

John Collins, a son, through his guardian, he being insane, opposed the probate of the will on the grounds (1) that it was improperly executed; (2) that the testator was not of sound mind; and (3) undue influence. These objections were overruled, and the will admitted to probate. The objector appealed to the district court, and a trial before the court without a jury resulted in a decision upholding the will and affirming the order of the probate court admitting it to probate. A motion for a new trial was denied, and the objector appealed to this court.

1. It is claimed that the will was not properly executed, because it was not signed by the testatrix in the presence of one of the witnesses, and she did not acknowledge her signature to this witness, or in any other way unequivocally indicate to the witness that the

will was her last will and that it had been signed by her. The difficulty with this claim is that it is not supported by the evidence, which fairly tended to show that testatrix acknowledged that it was her last will and her signature in the presence of all the subscribing witnesses. The decision of the trial court that the will was properly executed is fully justified by the evidence.

2. An examination of the record makes it clear that the findings that testatrix was of sound mind and that there was no undue influence are supported by the evidence, and we so hold.

3. Certain rulings of the trial court on the admission of evidence are assigned as error. As to the question asked of the witness Cahill on cross-examination as to whether or not the character of Mrs. Dowlan was strong, no foundation was laid, and the objection was properly sustained. This is true, also, of the questions asked of the witness Horan calling for her opinion as to the mental capacity of the testatrix. The facts upon which the opinion was based were not stated by the witness.

The court sustained an objection to evidence of a conversation between the witness Horan and Father Jordan in reference to the will. It was claimed that Father Jordan was one of the persons who exercised undue influence over the testatrix; but there was no evidence to support this charge, and the question clearly called for hearsay testimony.

Error is assigned in the refusal of the court to permit Mrs. Horan, an interested witness, to testify to conversations with the testatrix that threw light on her mental condition. It does not appear that counsel for objector made any point before the trial court that this testimony was admissible, and it is certain that there was no offer to prove what the spoken words of the testatrix were. The rulings, therefore, if error, are not shown to be prejudicial.

It was not error to exclude, as too remote, the evidence of a physician as to the mental and physical condition of testatrix in her last illness, two years after the will was made.

An objection to a hypothetical question was properly sustained, because it included facts of which there was no testimony, and was not a correct or fair statement of the evidence.

Our conclusion is that the findings of fact are sustained by the evidence, and that there was no prejudicial error in any ruling on the admission of evidence.

Order affirmed.