# ANDREW LARSON v. JOHN W. ANDERSON.[1]

May 29, 1913.

Nos. 18,109—(122).

**Objections to evidence.**

1. Objections to the introduction of a letter from the plaintiff to a third person and to proof of a conversation between the plaintiff and such person, had in the absence of the defendant, on the ground that they were incompetent, irrelevant, and immaterial, *held* insufficient to save anything for review by this court, though such evidence was objectionable that it involved hearsay and self-serving declarations.

**Exclusion of evidence.**

2. Refusal of the court, in an action on a contract for exchange of labor in the construction of dwellings, to allow the defendant to prove the reasonable value of certain material which, under the agreement, the plaintiff was to have furnished, but which the defendant claimed to have furnished, *held* not error, where no such issue of off-set was made by the pleadings, and the evidence failed to show that the defendant was entitled to credit therefor.

**Same.**

3. In order to found error upon the sustaining of an objection to an interrogatory, a party must make it appear that some material and relevant matter was proposed to be proved.

**Verdict not excessive — interest.**

4. Where the complaint properly demanded interest, and the items sued for, with interest up to the date of the trial, exceeded the amount of the verdict, it could not be held that the verdict was excessive, though such items without interest aggregated less than the verdict and the charge of the court made no reference to interest.

Action in the municipal court of Minneapolis to recover $280 for breach of an oral contract. The facts are stated in the opinion. The case was tried before Montgomery, J., and a jury which returned a verdict in favor of plaintiff for $250. From an order denying defendant's motion for a new trial, he appealed. Affirmed.

*John A. Nordin,* for appellant.

*Paul J. Marwin,* for respondent.

[1] Reported in 141 N. W. 847.

PHILIP E. BROWN, J.

Appeal by the defendant from an order denying his motion for a new trial, after verdict for the plaintiff. The latter's theories of his right to a recovery were, that the parties agreed to exchange labor in the construction of dwellings, the plaintiff undertaking to furnish the labor in the construction of a foundation on the defendant's property, the defendant to make the excavation and to furnish the material, and in exchange therefor the defendant agreeing to lath and plaster the plaintiff's house, including the furnishing of material, and also to pay to the plaintiff $75, and that each performed the work as agreed; and, further, that, at the defendant's instance, the plaintiff performed extra labor on the defendant's foundation, of the value of $30. The plaintiff also asserted that the defendant fraudulently obtained $175 of his money upon a pretended assignment. The defendant denied all these claims, except that he admitted his agreement to lath and plaster the plaintiff's house, but contended that the plaintiff agreed to pay him $175 therefor. He claimed, further, that the plaintiff undertook to construct for him a cement foundation for his dwelling in accordance with certain specified particulars for the agreed price of $270; but insisted that the plaintiff failed fully to perform this contract, thus necessitating an expenditure on the defendant's part exceeding $217. It was also claimed that the defendant paid the plaintiff and to another at his request $64. The court's charge covered the theories stated, and no errors therein are here urged.

1. One of the principal contentions concerned the giving of the assignment referred to. The plaintiff claimed that, during the progress of the work, he agreed to give the defendant an order for $17 on his debtor, and, being unable to write the same, signed his name upon a paper with the understanding, had with the defendant, that it should be filled out in accordance with the agreement, but that the defendant, instead of so doing, made it out for $175, and obtained such amount thereon. On this issue the court received in evidence, over the defendant's objection that it was irrelevant, incompetent, and immaterial, a letter from the plaintiff, written subsequently to the cashing of the order by the defendant, to the plaintiff's debtor, and stating

in substance that the plaintiff had never given any order to the defendant for such sum, and notifying such debtor that he did not acknowledge the order and would have to hold him responsible for its payment. The court also allowed the plaintiff, over the same objections interposed by the defendant, to prove a conversation between himself and his debtor, had in the defendant's absence, to the effect that the order was wrong and that he objected to it. The defendant assigns error to both rulings. The letter and the conversation were both self-serving declarations, hearsay and prejudicial. The question remains, however, as to the sufficiency of the objections. This court, especially in recent years, has frequently condemned objections in this form. See Graves v. Bonness, 97 Minn. 278, 107 N. W. 163; Dunnell, Minn. Pr. § 1815. In Paine v. Crane, 112 Minn. 439, 441, 128 N. W. 574, 575, Chief Justice Start said:

"The object of an objection to the admission of evidence is to enable the trial judge to rule intelligently thereon, and, if it is not sufficiently specific for such purpose, and the objection is overruled, the correctness of the ruling cannot be reviewed in this court."

We have no inclination to relax this rule, and it is doubtful if the objections here made should ever be held sufficient. No reason exists why counsel, if they deem offered evidence improper, should not state the specific ground of objection, instead of resorting to the elusive, and now well nigh obsolete, formula, "incompetent, irrelevant, and immaterial," which has been in times past one of the mainstays of technical error. The objections made saved nothing for review in this case.

2. It appeared from the evidence that the plaintiff undertook to furnish the lath for his building. The defendant insists that the testimony shows that he himself furnished it, and that the court erred in not allowing him to show its reasonable value, so that he might have an allowance therefor. There are several reasons why this contention cannot be sustained. No such issue was made by the pleadings. Again, if any such claim existed, it is evident that it did not belong to the defendant, but to a firm of which he had been a member. Furthermore, the uncontradicted evidence indicates that the arrangement was that the lath was to be ordered upon the plain-

tiff's credit, and it does not appear that the defendant, or any other person, paid for it. But aside from all of this, to sustain the defendant's point we would be obliged to override the well-established rule of trial procedure, that the exclusion of evidence not obviously relevant and material, is no ground for a new trial. A party, after an objection is sustained to an interrogatory propounded by him, must make it appear that some material and relevant matter was proposed to be proved, in order to found error. Dunnell, Minn. Pr. § 1086; Collins v. Dowlan, 118 Minn. 214, 136 N. W. 854.

There is no merit in the defendant's claim of off-set based upon the $17 Strom item. It does not appear that the defendant paid it.

3. The defendant claims that, in any event, the verdict, for $175, is excessive, and it does appear that the aggregate of the plaintiff's items, excluding interest and after the allowance of an admitted payment by the defendant of $49, was less than the verdict. The complaint, however, in due form demanded interest, and, as the transactions involved occurred in 1908 and the trial was had in 1912, such items with interest exceeded the verdict. It is true that the court, in the charge, did not refer to the matter of interest, but evidently the jury made an allowance therefor. Interest is a mere incident of the principal debt, and is always recoverable as damages in actions upon demands such as here involved. It is recoverable, furthermore, up to the time of the trial, even though not expressly demanded in the complaint; such damages being implied by law. Ormond v. Sage, 69 Minn. 523, 72 N. W. 810. We find no occasion to disturb the verdict on this ground.

4. The assignments of error not disposed of go to the sufficiency of the evidence to sustain the verdict. We hold that it was ample for that purpose.

Order affirmed.