## LOUIS THORESON and Others v. GEORGE SUSENS.[1]

September 25, 1914.

Nos. 18,720—(232).

**Consolidation of school districts — posting notice.**
    1. The last day for posting notices of election in proceedings for the consolidation of school districts, under G. S. 1913, §§ 2686–2694, was Monday, February 10. The notices were tacked up on Sunday, February 9, but remained up on Monday, the tenth. The notices were valid.

**Same.**
    2. Where such a notice is left posted on Sunday, the court may presume that it remained posted on Monday, there being no evidence to the contrary.

**Objection to question — opinion of witness.**
    3. An objection that a question is incompetent, irrelevant and immaterial, does not raise the point that it is improper as calling for an opinion of the witness on the whole issue in the case.

Louis Thoreson, Oscar Gahlon and Edward O'Brien appealed to the district court for Douglas county from an order consolidating school districts Nos. 22 and 15 in that county into a district to be

1 Reported in 148 N. W. 891.

known as Consolidated School District No. 15. George Susens, as county superintendent of schools, filed an answer to the complaint of the appellants. The appeal was heard before Parsons, J., who made findings and dismissed the appeal. From an order denying the motion of appellants for amended findings and for judgment in their favor or for a new trial, they appealed. Affirmed.

*George L. Treat* and *Henry T. Ronning,* for appellants.

*Hugh E. Leach,* County Attorney, *C. J. Gunderson* and *Constant Larson,* for respondent.

HALLAM, J.

This appeal involves the validity of an election in proceedings for the consolidation of two school districts, pursuant to chapter 207 p. 268, Laws 1911 (G. S. 1913, §§ 2686–2694). The principal contention is that no lawful notice of the election was given.

The statute provides that the county superintendent shall "cause ten days' posted notice to be given in each district affected." The term "posted notice" means "the posting, at the beginning of the prescribed period of notice, of a copy of the notice * * * in a manner likely to attract attention, in each of three of the most public places in the * * * district." G. S. 1913, § 9412, subd. 14. The election was held February 20, 1913. The notices of election were posted in one district on Sunday, February 9, and the contention is that this rendered the notices void. Counsel for appellant argues at length that the tacking up of an election notice on Sunday is "labor," and is forbidden by our Sunday laws. G. S. 1913, §§ 8752–8753. We shall not enter into a discussion of this question, since it seems to us that it is quite immaterial. It is not as though personal service of notice were required, and such personal service were made on Sunday. Nor is this case at all like the cases where a legal notice is published in a Sunday newspaper. No importance attaches here to the act of tacking up the poster. This act is no part of the giving of the notice. The requirement that the county superintendent shall "cause ten days' posted notice to be given" means that the notice must be up ten days before the election. No posting was necessary until Monday, February 10. The important consideration is that

these notices remained and were posted on that day. This satisfies the requirement of the statute. Pelton v. Muntzing, 24 Colo. App. 1, 131 Pac. 281.  '

The evidence is direct that two of these notices remained posted on Monday. As to the third, there is no direct evidence, but the court invoked the rule that, where a fact of a continuing nature is shown to exist, there is a presumption that it continues to exist for a reasonable time, unless the contrary is shown, and found as a fact that the third notice also remained posted. Appellant, again urging that the act of tacking up the notice on Sunday was unlawful, contends that there can be no presumption of a continuance of a condition based upon an unlawful act. Were we to concede the unlawfulness of the act, the result contended for would not follow, for there may be a presumption of continuance of an unlawful act or condition. State v. Worthingham, 23 Minn. 528; In re Terry's Estate, 58 Minn. 268, 59 N. W. 1013. But there can be nothing unlawful in the fact of this notice remaining posted. The court properly determined that the rule of presumption of continuance applied.

Exception is taken to the ruling of the court in receiving in evidence the opinion of certain witnesses as to whether the consolidation of these two districts would be for the best interest of the territory affected. The objection here urged is that in admitting this testimony the court submitted to these witnesses the whole issue in the case. No such ground of objection was urged on the trial. It cannot accordingly be considered on this appeal. A party will not be permitted to review rulings of the trial court in admitting evidence, unless on the trial he advises the court of his ground of objection. Some of the questions to which exception is taken were not objected to on the trial at all. Others were objected to as incompetent, irrelevant and immaterial. Clearly this did not advise the trial court that counsel meant to rely on the ground of objection here urged. Larson v. Anderson, 122 Minn. 39, 141 N. W. 847; Lyon v. City of Grand Rapids, 121 Wis. 609, 99 N. W. 311.

Some of these questions were objected to, on the ground that the witnesses had not shown themselves qualified to testify on the sub-

ject. These witnesses showed thorough familiarity with all the facts, and ample foundation was laid for their testimony.

Order affirmed.