## PAUL SONS AND ANOTHER v. THEODORE SONS AND ANOTHER.

### THEODORE SONS, APPELLANT.[1]

April 23, 1920.

No. 21,737.

**Joint adventure — farm purchased in name of defendant for joint benefit of all children — findings sustained.**

1. The evidence sustains the court's findings, that certain land purchased and taken in the name of one of the defendants, was purchased by the parties jointly and for their common benefit; that certain personal property placed upon the farm by their father was given to them all jointly; that certain money advanced to them to make the purchase was furnished to all jointly, and that all the money used for that purpose was furnished equally by all.

**Same — payment of encumbrance on farm by adult members of family.**

2. Where adult members of the same family work a farm together and by their joint efforts produce money to pay encumbrances on the land, they may be regarded as making joint and equal contribution.

**Declaration of former owner inadmissible against his successors' interest.**

3. Where a controversy arises as to whether property previously given by a father was given to one or all of his children, his statement that he gave it to one is not admissible against the others.

Action in the district court for Carver county to determine the interests of the parties in certain real estate; for a partition and sale of the same; for a dissolution of the relation in the nature of a partnership existing between the parties in the conduct of their farming enterprise,

[1]Reported in 177 N. W. 498.

and for an accounting and a distribution of personal property or a sale of the same and a distribution of the proceeds thereof. The answer admitted that plaintiffs lived upon the farm with defendant from the time he purchased the same until January, 1913, and that they rendered services thereon for defendant a portion of the time during said seven years, but defendant alleged that during all of that time plaintiffs were supported, clothed and maintained by defendant and in addition thereto defendant paid plaintiff Paul the sum of $1,352 and plaintiff Mary the sum of $545 in consideration of the services rendered. The case was tried before Tifft, J., who made findings and ordered judgment in favor of plaintiffs, adjudging each of them to be the owner of an undivided one-fourth of the premises and defendant Theodore to be the owner of an undivided one-half thereof; dissolving the partnership existing between the parties and appointed a referee for the purpose of an accounting. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*W. H. Leeman,* for appellant.

*W. C. & W. F. Odell,* for respondents.

HALLAM, J.

Plaintiffs are brother and sister. Defendants are their brothers. In 1906 they were all living with their father on an 80-acre farm in Carver county. The oldest, Mary, was 26; the youngest, Paul, was under age. Some had been working out at times. The mother was dead. The father was getting old, and was about to retire from active farming. A nearby farm, the Colbert farm, of 190.5 acres, was for sale. After family conferences it was purchased, and the title was taken in the name of defendant Theodore. The sum of $4,500 was paid in cash. The father furnished $2,129 in cash, $1,700 had been on deposit in a bank in the name of Theodore, the balance $671 was advanced by an aunt who lived in the family. The home farm had been stocked with cattle, horses, hogs and chickens, and was supplied with farm machinery. The father owned all this, and he turned it over as the nucleus of farming operations on the new farm. Together these parties worked until January, 1913, and, for the most part, out of the product of the farm, paid the balance of the purchase price. Nothing was owing to any one

except the amount owing to the aunt. In 1917 Theodore paid this debt out of the product from the farm.

These parties have now fallen out over the ownership of the farm and the personal property upon it. Theodore claims all for himself. Plaintiffs claim that the purchase of the farm was a joint enterprise and that the four children owned, in equal shares, both the land and the personal property. The court found for plaintiffs, and defendant Theodore appeals.

1. The court found that the parties agreed to purchase the land in question jointly and for their common benefit. This finding is sustained by the decided weight of evidence.

The court found that the parties agreed to place upon the land for their common benefit certain personal property owned jointly by them. This finding is attacked. The fact is that the personal property originally placed on the farm was all furnished by the father. None of the children furnished or had any. The effect of the finding is that the father gave this to all the children. Theodore contends it was all given to him alone in consideration of an agreement on his part to support the father. We think the evidence sustains the finding of the court. Plaintiffs' testimony on this point is not very direct, but it shows decisively a joint agreement to buy and work this land; that all of the children participated in the negotiations, and all entered into possession; that the father was much interested, took part in the negotiations with the Colberts, and put into the venture all the money and all the farm personalty he had. The conclusion is a legitimate one that he furnished this personal property to all.

The court found that the purchase price of the land was paid for by the parties in equal shares. This finding is attacked. The evidence sustains it. Plaintiffs' evidence is, that the $2,129 contributed directly by the father, the $671 contributed by the aunt, were given to all four. On this point the evidence is abundant, though Theodore makes the same claim of gift to him as he makes in case of the personal property. As to the $1,700 the evidence is not so clear for plaintiffs, but there is some evidence that this belonged to the father, some that Paul contributed towards it. Family relations at that time were close and confidential. Theodore, as the eldest son, was much depended on. We

145 M—24.

think the court might find that this deposit was regarded as a family fund.

Defendant contends that there must be joint contribution, as well as joint agreement, and that there was no joint contribution to the enterprise by plaintiffs. In view of what has been said above, the court was justified in saying that their initial contributions were equal. Then for seven years, plaintiffs say, they all contributed their time and labor, and produced, mostly from the farm itself, enough to pay the balance of the purchase price. This constitutes joint contribution and equal contribution as well. Defendant's claim is that plaintiffs were hired by him and paid wages. The amount defendant claims to have paid was quite out of proportion to what they must have earned. Plaintiffs deny that they were hired or paid. The court could have no difficulty in adopting their contention.

Defendant offered to prove that, some years after the purchase of this land, the father told a neighbor that the money he had advanced was a gift to Theodore. Objection to this testimony was sustained. Defendant contends that this should have been received as an admission against interest. It was not, as it seems to us, an admission against interest. If this controversy involved conflicting claims of title as between Theodore and his father's estate, the testimony would have been admissible as a declaration against interest. Baker v. Taylor, 54 Minn. 71, 55 N. W. 823; Halvorsen v. Moon & Kerr Lumber Co. 87 Minn. 18, 91 N. W. 28, 94 Am. St. 669; Paine v. Crane, 112 Minn. 439, 128 N. W. 574. But this is not such a controversy. Confessedly the father had given the money either to Theodore or to all his children. At no time after this transaction was consummated did he ever have or claim any interest in the farm or personal property. The controversy is between the children. The father's declaration as to their respective rights between themselves was but hearsay. The declarations of a former owner, made after he has parted with title, are not admissible against his successors' interest. Burt v. McKinstry & Seely, 4 Minn. 146 (204); Howland v. Fuller, 8 Minn. 30 (50); Adler v. Apt, 30 Minn. 45, 14 N. W. 63.

Judgment affirmed.