## PLEASON REALTY & INVESTMENT COMPANY v. A. D. KLEINMAN AND ANOTHER.[1]

December 24, 1925.

No. 24,905.

**No usury.**

1. The plaintiff made a mortgage to a third person without consideration and had it recorded. Within a few days the mortgagee at the request of the plaintiff executed an assignment of it in blank. Some months later the names of the defendants were inserted as assignees and they paid such sum as would make the transaction usurious if it was a loan. If the transaction was a bona fide purchase of the mortgage from the mortgagee there was no loan and no usury. The finding of the jury that there was no usury is sustained.

**Defendants not estopped by recital in bond.**

2. The plaintiff gave a bond to protect the defendants against liens. It recited that the defendants had loaned it money secured by mortgage. It is *held* that the recital did not constitute an estoppel so as to preclude the defendants from asserting that they were purchasers and not lenders.

**Objection to testimony insufficient to raise question intended.**

3. An objection that testimony is incompetent, irrelevant and immaterial does not present the objection that it is hearsay or self-serving.

**Testimony as to mistake in recital of bond competent.**

4. Testimony on behalf of the defendants tending to show that the recital in the bond was inserted by mistake, and their actions relative to it, was competent. It was not objectionable as varying a written instrument by parol; nor as hearsay or self-serving.

[1]Reported in 206 N. W. 645.

1.  See Usury, 39 Cyc. p. 1055.
2.  See Estoppel, 21 C. J. pp. 1091, § 73; 1099, § 86.
3.  See Trial, 39 Cyc. p. 1387.
4.  See Evidence, 22 C. J. pp. 205, § 167; 227, § 193; 1227, § 1635 (Anno).

Action in the district court for Ramsey county to cancel a note and mortgage on the ground of usury. The case was tried before Bechhoefer, J., and a jury which returned a special verdict answering in the negative the question: "Did defendants take or reserve more than the legal rate as interest or compensation for the loan or use of the money, with corrupt intent to evade the usury law of Minnesota?" The court made findings for the defendants. Plaintiff appealed from an order denying its motion for a new trial. Affirmed.

*A. J. Hertz* and *James Schoonmaker*, for appellant.

*Oppenheimer, Dickson, Hodgson, Brown & Donnelly* and *Montreville J. Brown*, for respondents.

DIBELL, J.

Action to cancel a mortgage as usurious. The issue as to usury was submitted to a jury which found there was none. The court found for the defendants and the plaintiff appeals from the order denying its motion for a new trial.

1. In 1923 the plaintiff was constructing an apartment building in St. Paul. There was upon it a first mortgage of $54,000. More money was needed. On June 25, 1923, the plaintiff without consideration executed to Joseph Supornick a second mortgage for $28,000. This is the mortgage which the plaintiff claims is usurious. It was recorded June 27, 1923. On June 28, 1923, an assignment was executed, the name of the assignee blank. In September the names of the defendants were inserted as assignees and the assignment was recorded on September 28, 1923. The defendants paid $21,000. So far the facts are not in dispute.

The plaintiff claims that in June, 1923, it entered into negotiations with the defendants for a usurious loan to be secured by a second mortgage; and in substance its contention is that the trans-

action was a loan by the defendants to the plaintiff, the mortgage being made to Supornick and the assignment to the defendants at their suggestion to conceal usury. There is in evidence support of this theory. The defendants claim that the mortgage was made by the plaintiff to Supornick so that he might sell it and raise the needed money; and that in September, 1923, after some negotiation, they purchased it from Supornick in good faith. There is evidence in the record in support of their contention; and if true the mortgage is valid. Jackson v. Travis, 42 Minn. 438, 44 N. W. 316. The jury found that the defendants were buyers in good faith and not lenders under a device to hide usury. It could have found differently. Its finding is sustained. Enough is said on this point.

2. The defendants required a bond to protect them from liens. One was furnished with the plaintiff as principal containing this recital:

"The condition of this obligation is such that whereas the said A. D. Kleinman and H. D. Michael have heretofore loaned the said principal the sum of Twenty-eight Thousand ($28,000) and has taken as security * * * the note of said principal; secured by a mortgage on the following described property." * * *

The plaintiff contends that the recital estops the defendant from showing the fact to be that they were assignees of the mortgage and not mortgagees; and it offered the bond in evidence claiming for it the effect of a conclusive admission or estoppel. We do not give it that effect. The suit is not upon the bond. If the recital was inaccurate through mistake the bond was subject to reformation. The plaintiff is in the position of claiming that it may show, for the purpose of establishing usury, and concededly it may, that the mortgage and assignment, contrary to their import, represent a loan by the assignees to the mortgagor; but that the defendants may not show that the recital, which is consistent with that theory, and which is offered in proof of it, was inserted by mistake. The taking and retention of the bond is a circumstance, in the nature of an admission, to be considered in determining the real relationship of the parties; but the recital is subject to explanation by parol.

Many cases are cited by both parties and we have examined all of them. No one is directly in point and we would not expect one to be found. They are illustrative and helpful, but a discussion is not required. We note 2 Wigmore, Ev. (2 ed.) §§ 1056-1059; 21 C. J. 1091, 1096-1099; 10 R. C. L. 685. The recital is nothing more than an admission subject to explanation. The trend of the cases cited in the briefs leads to that conclusion.

3. In explanation the defendants offered evidence tending to show that they did not notice the recital until shortly after the bond was delivered; that they objected, and sought a correction; and that before anything was accomplished the opportunity for liens to accrue had passed, and with it all need of correction.

The objection urged against this evidence, and overruled, was that it was incompetent, irrelevant and immaterial. Such an objection does not present the claim that the testimony is hearsay or self-serving. Larson v. Anderson, 122 Minn. 39, 141 N. W. 847; State v. Pearson, 153 Minn. 32, 189 N. W. 404; and see Thoreson v. Susens, 127 Minn. 84, 148 N. W. 891; Graves v. Bonness, 97 Minn. 278, 107 N. W. 163.

4. But this aside, little of the evidence received was objectionable as hearsay or self-serving; and none of it of that character was so substantially objectionable as to require a new trial. Testimony which otherwise was relevant and material in explanation of the recital, whether involving conversations or correspondence, was not hearsay because not with the plaintiff or in its presence, nor was it self-serving. State Bank v. Strandberg, 148 Minn. 108, 180 N. W. 1006; McDonald v. Smith, 99 Minn. 42, 108 N. W. 291; Fredin v. Richards, 66 Minn. 46, 68 N. W. 402; Farnham v. Kennedy, 28 Minn. 365, 10 N. W. 20. The facts could be proved in no other way.

There are other assignments relative to rulings and findings. We have examined them and find nothing of merit.

Order affirmed.