Argued September 30; modified November 22, 1932

STRONG & MacNAUGHTON TRUST CO. *v.*
BODLEY ET AL.

(15 P. (2d) 470)

*J. J. Johnson,* of Portland (Albert H. Tanner, of Portland, on the brief), for appellants.

*Herbert L. Swett,* of Portland (Dey, Hampson & Nelson, of Portland, on the brief), for respondent.

ROSSMAN, J. This is a suit wherein the plaintiff seeks judgment for the sum of $4,384.06 for services

performed by it subsequent to April 10, 1926, for the defendants while acting as their trustee, and also seeks the establishment of a trustee's lien upon some parcels of real property which constitute the trust res. The answer of all of the defendants admitted the trust relationship, but alleged that the sum owing is $4,320.11. The defendant Margerie Bodley, answering further, averred that on August 19, 1919, her co-defendants, Donald and Sadie Bodley, signed and delivered to one George Burck their promissory note for the sum of $600, and secured its payment by executing a mortgage which described that portion of the real property owned by Donald Bodley mentioned in the complaint. The answer alleged that the note and mortgage are now owned by this defendant, Margerie Bodley, and that the debt has not been paid. The answer also averred that the mortgage had been promptly recorded, and that the plaintiff had full notice of it and of the unpaid character of the debt at the time when the trust deed was executed. Her answer prayed for a foreclosure of the mortgage and for a decree establishing the lien of it as superior to the lien sought by the plaintiff. The reply denied substantially all of the allegations of the answer of the defendant Margerie Bodley, and, replying further, alleged that the trust deed which was signed by all of the defendants, including Margerie, contained this warranty:

"And the grantors above named do covenant to and with the above named grantee, its successors and assigns, that they are lawfully seized in fee simple of the above granted premises, that the above granted premises are free from all incumbrances excepting certain municipal liens and that they will and their heirs, executors and administrators, shall warrant and forever defend the above granted premises and every part

and parcel thereof, against the lawful claims and demands of all persons whomsoever, except as to said municipal liens.''

Continuing, it alleged that when the plaintiff accepted the trust deed it had no notice of the note and mortgage, and concluded with the charge that the note and mortgage were barred by the statute of limitations. From a decree in favor of the plaintiff, granting a judgment for $4,320.11, establishing the lien sought by the plaintiff and granting it priority over the lien of the mortgage, the defendants appealed. They contest, however, only the priority granted to the plaintiff's lien over the lien of the mortgage held by Miss Bodley.

The facts disclosed by the evidence were that on April 10, 1926, the defendants, Jessie, Margerie, Lewis, Harry, Victor, and Donald Bodley, were the owners of the land described in the complaint. Each owned a separate parcel, and, since the parcels adjoined one another, they constituted an entire tract. The defendants were desirous of improving this property with streets and other municipal improvements, and of then selling it in city lots. Such being their purposes, they consulted the plaintiff which was engaged in the business of developing nonproductive property. The parties agree that in the course of the negotiations the defendants informed the plaintiff that the several parcels of land comprising the tract were free of mortgage encumbrances, with the exception of the parcel owned by Donald Bodley, and that the plaintiff was told that Donald's parcel was encumbered with a $600 mortgage owned by the defendant Margerie Bodley. This mortgage had been promptly and properly recorded. Before the plaintiff accepted the trust rela-

tionship it secured from an examiner of titles a report upon the title to the several parcels of land, and this report described the note and mortgage held by Miss Bodley. After the plaintiff had been thus fully informed of the existence of the note and mortgage, the parties reduced their agreement to writing, and at the same time the defendants executed a trust deed to the plaintiff which contained the warranty of title quoted above. The purpose of the deed was to enable the plaintiff to install the municipal improvements and to perform its other duties recited in the trust agreement. In the course of the administration of the trust the defendants became indebted to the plaintiff in the sum of $4,320.11. The lots failed to sell, and, the defendants being unable to discharge that debt, the plaintiff brought this suit for the purpose of recovering judgment for the sum owing, and also of establishing a lien upon the aforementioned property which, as will be observed, constitutes the trust res. The only dispute submitted for our consideration is whether the trust lien is entitled to priority over the mortgage or whether the latter is superior to the trust lien.

It will be observed that this is not an action upon the covenant of warranty. The complaint fails to mention that undertaking because that pleading is not concerned with the warranty but with the debt and the desired lien; in fact, the covenant of warranty was not mentioned in the pleadings until the plaintiff filed its reply. The plaintiff relies upon the covenant of warranty, not as the foundation of its action but as the premise of an alleged estoppel to prevent Margerie Bodley from asserting that her mortgage grants to her a lien upon Donald Bodley's parcel superior to the lien sought by the plaintiff. In other words, the plain-

tiff alleges that the covenant of warranty was a representation by Miss Bodley that the entire tract, including the portion owned by Donald, was free from encumbrances. It will be recalled, however, that the plaintiff knew the opposite to be true. An estoppel must be based upon a representation which the individual who seeks to invoke it believed and relied upon when he entered into the transaction. The only difference between estoppel and fraud is that the former is a shield whereas the latter is an offensive weapon: *Bramwell v. Rowland,* 123 Or. 33 (261 P. 57). No one on behalf of the plaintiff testified that the plaintiff or anyone else relied upon the aforementioned covenants of the deed when it entered into its transaction with the defendants. Miss Bodley testified that when she had informed Mr. Johnson, the official of the plaintiff who conducted for it the negotiations which finally culminated in the trust deed, he informed her that the mortgage could remain intact and that whenever a lot, subject to the mortgage, was sold and a sufficient sum had been realized to satisfy the portion of the debt against it, she could release the lot from the mortgage. Mr. Johnson testified: "The way I remember it is this, it is essentially along the lines that Miss Margerie Bodley brought out this morning  *  *  *." What followed in his testimony in no manner conflicted with the statements of Margerie Bodley. Thus, we have a situation where the plaintiff in its efforts to establish an estoppel has wholly failed to prove that the representation made by Margerie Bodley was relied upon by it; in fact, the uncontradicted evidence indicates that when the deed was prepared the scrivener failed to express the intent of the parties. The law is well-settled that when a recital in a deed is not the foundation of the action or defense, but is invoked in

some other proceeding as an item of evidence contributing toward the establishment of an estoppel, the recital is subject to explanation. It is then nothing more than an admission, and it may be shown that it was inserted by mistake: Bigelow on Estoppel (6th Ed.) p. 383; 21 C. J. Estoppel, p. 1091, § 73; 10 R. C. L., Estoppel, p. 685, § 15; *Bolles v. Beach,* 22 N. J. Law 680 (53 Am. Dec. 263); *Pleason Realty & Inv. Co. v. Kleinman,* 165 Minn. 342 (206 N. W. 645); and Wigmore on Evidence (2 Ed.) § 1057.

Since the plaintiff failed to prove that it was entitled to estop the defendant Margerie Bodley from asserting that the lien of her mortgage constituted a first lien upon the premises described therein, it follows that she is entitled to such priority. She is also entitled to a decree foreclosing her mortgage.

The defendants, in the concluding portion of their reply brief, argue that their liability to the plaintiff is several and not joint. We have examined carefully their contract and believe that the circuit court did not err when it found that the liability is joint.

·The decree of the circuit court will be amended by inserting in it a provision for the foreclosure of Margerie Bodley's mortgage, and it will be modified by granting the mortgage priority over the lien of the plaintiff upon the parcel of realty described in the mortgage. In all other respects the decree is affirmed.

BEAN, C. J., RAND and KELLY, JJ., concur.