## EBENEZER J. HILL *vs.* FREDERICK S. BANKS AND OTHERS.

New Haven & Fairfield Cos., April T., 1891.    ANDREWS, C. J., CARPEN-
TENTER, LOOMIS, SEYMOUR and TORRANCE, Js.

A deed was signed "F. S. Banks" and the person making the acknowl-
edgment was named in the magistrate's certificate "Frederick S.
Banks." Held to be a matter of no consequence if the persons were
the same, which could be shown by the testimony of the magistrate.

A debtor who owed a creditor $1,400 by notes, gave the latter his note for
$900, with a mortgage to secure it, to be held as collateral to the entire
indebtedness, the note stating that it was to be collateral, but this part
of the note being omitted in the description of it in the mortgage.
Held, against the objection of subsequent encumbrancers—

1. That the omission of this statement in the description of the note was
of no importance, as it did not affect the obligation of the note or alter
its legal sense.

2. That it was no objection that the note was given only as collateral, as
this fact did not make it conditional or in any way affect the obligation
of the mortgagor to pay it.

[Argued April 23d—decided June 19th, 1891.]

SUIT to foreclose a mortgage ; brought to the Superior
Court in Fairfield County, and heard before *Robinson, J.*
Facts found and a decree of foreclosure passed. R. W.
Keeler, T. I. Raymond and W. T. Raymond, who were sub-
sequent encumbrancers and were defendants, appealed. The
case is fully stated in the opinion.

*J. A. Gray* and *J. H. Light,* for the appellants.

1. It is necessary to the validity of a mortgage that the
mortgage debt should be correctly described in.it, and that
any conditions affecting the liability of the mortgagor for it
should be stated. Here the note described in and secured
by the mortgage was an absolute note for $900. It is found
that the real indebtedness was about $1,500, and that the
note of $900 was given as collateral to it, and it is so stated
in the note itself. The notes representing the debt have
been renewed and in part paid, and yet the mortgage note
remains without change or reduction. The fact that it was

of this character should have appeared in the mortgage. *North* v. *Belden*, 13 Conn., 379 ; *Hart* v. *Chalker*, 14 id., 79; *Merrill* v. *Swift*, 18 id., 265 ; *Bramhall* v. *Flood*, 41 id., 68 ; *Townsend* v. *Todd*, 91 U. S. R., 452.

. 2. The mortgage deed is described in the complaint as executed by Frederick S. Banks. It is in fact executed by F. S. Banks. This is a variance. But independently of this question, the signature is not a legal one. The grantor named in the deed is Frederick S. Banks. It should of course be signed by the grantor. The signing in the way it is signed, is not a signing within the meaning of the statute. Gen. Statutes, § 2954. It is clear that nothing but the grantor's exact name will do. Where the statute states the methods and requisites of a deed, it must be followed strictly. *Carter.*v. *Champion*, 8 Conn., 555 ; *Orvis* v. *Newell*, 17 id., 103 ; *York Bank's Appeal*, 36 Penn. St., 458. The two names are not the same. *Tweedy* v. *Jarvis*, 27 Conn., 44. The evidence of the magistrate that the person who executed the deed before him as F. S. Banks was Frederick S. Banks, should not have been admitted. It is too a fatal variance that the note it described in the complaint as signed by Frederick S. Banks when it is signed by F. S. Banks. *Rossiter* v. *Marsh*, 4 Conn., 202.

*R. Frost*, for the appellee.

SEYMOUR, J. Before August 18th, 1888, the defendant Banks had executed and delivered to the plaintiff his promissory notes of different amounts and dates, and due at different times, amounting to $1,426.44. The plaintiff had procured them to be discounted at the bank.

Eight days prior to August 18th, 1888, one of the notes, being for the sum of $905.38, fell due. It was in the bank where it had been discounted. Banks was unable to pay it, but promised that, if the plaintiff would take it up and renew it for eight days, he would raise the money by mortgage and pay the renewal note at its maturity. This the plaintiff did, but Banks did not pay the note at its maturity, but

asked the plaintiff for further time and aid, and agreed that if he would take up and renew the note again he would execute and deliver to him, as collateral security for his indebtedness, his note for $900, secured by mortgage upon his real estate. This the plaintiff assented to and thereupon Banks delivered to him his note as follows :—

"$900.00           NORWALK, Conn., Aug. 18th, 1888.

" On demand, after date, I promise to pay to the order of E. J. Hill nine hundred dollars at the National Bank of Norwalk, value received, as collateral, with mortgage, for indebtedness by note or otherwise to E. J. Hill, at six per cent interest and taxes.         F. S. BANKS."

He also delivered his mortgage deed of the same date with the note, the condition of which is as follows :—" The condition of this deed is such that, whereas the said grantor is justly indebted to the said grantee in the sum of nine hundred dollars, as evidenced by his promissory note for said sum of even date herewith, payable to said grantee on demand with interest at the rate of six per cent per annum, and till paid. Now therefore, if said note shall be well and truly paid according to the true intent, tenor and meaning thereof, then this deed to be null and void," etc. The note and mortgage were, in pursuance of the agreement, accepted by the plaintiff, who on the same day renewed the note for $905.38.

In the premise of the mortgage the grantor is described as " Frederick S. Banks." It is signed " F. S. Banks," and acknowledged by " Frederick S. Banks." There are mortgages on the property subsequent to the above.

When the $900 note fell due it was not paid nor any part of it, and the amount of it, together with the amounts of the other notes then due, was put into one note of $1,332.87, which note, or its renewal, the plaintiff still holds and owns, and it is now past due and wholly unpaid.

The plaintiff brought his complaint claiming judgment for the foreclosure of the mortgage and possession of the premises therein described. To his complaint he made the

subsequent encumbrancers parties defendant, who appeared and made answer thereto, and Banks made no defense.

Upon the trial of the cause the plaintiff offered the mortgage deed in evidence. The subsequent encumbrancers, Robert W. Keeler, Thomas J. Raymond and William S. Raymond, objected to its admission on the ground that it appeared to have been executed by "F. S. Banks" and acknowledged by "Frederick S. Banks."

The plaintiff also offered the testimony of the magistrate who took the acknowledgment of the mortgage deed and who was also one of the attesting witnesses to it, in proof of the fact that the person who signed the mortgage deed was the same person who acknowledged it. The subsequent encumbrancers objected to the admission of this testimony, giving no specific reason for such objection.

The plaintiff also offered in evidence the note of which a copy appears above. The subsequent encumbrancers objected to its admission, because, they claimed, it was not the note described in the complaint nor the one described in the mortgage.

These are the only objections stated in the finding to have been made at the trial. The court overruled them respectively and admitted the mortgage and note in evidence. Thereupon the subsequent encumbrancers took their appeal.

As to the first point. It was objected at the trial, as already appears, to the admission of the mortgage deed as the deed of Frederick S. Banks, that it appeared to have been executed by F. S. Banks and acknowledged by Frederick S. Banks. Of course it was open to the defendants to show, if they could, that Frederick S. Banks never executed the deed which it was sought to foreclose. But the doctrine contended for, that the signature of F. S. Banks and the acknowledgment by Frederick S. Banks present a case of fatal variance which itself precluded the admission of the deed in evidence as the deed of Frederick S. Banks, even in connection with testimony as to the identity of the two, is a novel one and unsupported by reason or, so far as we

know, by authority. If the defendants denied that the Banks who executed the deed was the Banks who acknowledged it, in other words, if they denied that it was the deed of Frederick S. Banks, the evidence of the magistrate who took the acknowledgment and who was also one of the attesting witnesses of the deed was admissible to show their identity.

In the next place the defendants objected to the admission of the note in evidence, first, says the finding, because, as they claimed, it was not the note described in the complaint; second, because it was not the note described in the mortgage. Upon the argument before us the claim was that the mortgage was not a good and valid mortgage as against subsequent encumbrancers because it did not truly and correctly describe the debt intended to be secured thereby. Perhaps that was the real point intended to be made in the Superior Court by the objections there taken. Lest we should do the defendants injustice we will so understand it and examine the question as presented to us.

The allegation of the complaint is, that on August 18th, 1888, the defendant Banks owed the plaintiff $900, as evidenced by said Banks's note for $900, dated on said day and payable to the order of the plaintiff on demand, with interest at six per cent and taxes.

This the answer of the defendants denied. In proof of the allegation the plaintiff offered the note. It was admissible as tending to prove it. The defendants seem to treat the matter as if it were a suit on a specialty with profert. It is not a suit even upon the note. It is a proceeding to foreclose, in which the real question attempted to be made is whether the mortgage sufficiently describes the debt sought to be secured so as to prevail against subsequent encumbrancers. The plaintiff insists that the note, in connection with the attendant circumstances, proves an indebtedness such as is alleged and is described in the mortgage.

When we consider what the real transaction was between the plaintiff and Banks most of the difficulties suggested by the defendants vanish. Banks owed the plaintiff some four-

Hill *v.* Banks.

teen hundred dollars, for nearly all of which indebtedness he had given his notes of different amounts. One of them, for $905.38, fell due, was unpaid, was renewed for the round sum of $900, and again renewed and the mortgage security given. While the note speaks of itself as " collateral, with mortgage, for indebtedness by note or otherwise to E. J. Hill," the mortgage was made in terms security for $900, as evidenced by the note therein described. The mortgage is now sought to be foreclosed as security only for the $900, with interest and taxes. The debt evidenced by the note was not a conditional debt; nine hundred dollars was absolutely due to the plaintiff from Banks. If the note had been given as collateral for the debt of a third person it would be a conditional debt and should have been so described in the mortgage, but here was no third person; it was the debtor's own debt for which his note was taken as so called collateral security. It was shifting $900 of indebtedness from an unsecured one to a secured one. When the note should be paid the mortgage would be no longer available and could not be held as security for any balance of the indebtedness. After the transaction the nine hundred dollars of indebtedness was evidenced by two notes instead of by one, but both were the notes of the debtor. The giving of the second note did not pay the first nor the debt. The payment of one note would pay both. It was all the time the same debt. Our law is very properly strict in requiring the mortgage to disclose the nature and amount of the indebtedness secured with all reasonable certainty. Subsequent encumbrancers have a right to know, with all the certainty the case admits of, the amount already secured on the property and the nature of the indebtedness so secured. We think the plaintiff's claim is not opposed to these salutary rules. If he were trying to hold the mortgaged property as security for more than the amount of the note, subsequent encumbrancers might well complain. But the plaintiff claims the property to be encumbered for only the amount which the defendants themselves say the mortgage indicates. They have, then, precisely the security

from the property which the record led them to expect when they took their mortgages. The legal effect of the transaction between the plaintiff and Banks was to give the plaintiff mortgage security for the amount of the nine hundred dollar note and no more.

The mortgage truly stated that effect, omitting only words contained in the note which did not alter its legal effect. The words " as collateral security with mortgage," the omission of which from the description of the note in the deed the subsequent encumbrancers rely upon to invalidate the mortgage, in fact created no additional obligation against Banks nor in favor of the plaintiff. They were words used which were not essential to the object in hand. They were not necessary for the purpose of identifying the debt nor to give reasonable notice of the extent of the encumbrance which was legally created. *Winchell* v. *Coney*, 54 Conn., 24, would seem to authorize the omission from the deed of the particulars therefrom omitted in this case. We are satisfied that the case was correctly decided in the Superior Court.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.