THE COLUMBUS INDUSTRIAL BANK *vs.* ANNA ROSENBLATT ET ALS.

Third Judicial District, New Haven, January Term, 1930.
WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, Js.

Argued January 22d—decided March 3d, 1930.

*Irving Elson,* for the appellant (plaintiff).

*Joseph G. Shapiro,* with whom, on the brief, were *Harry Allison Goldstein* and *Charles S. Brody,* and *Samuel Engelman* for the defendant Neikind, for the appellees (defendants).

MALTBIE, J.   The plaintiff is a corporation of the type known as an "industrial bank," incorporated under the provisions of Chapter 196 of the Public Acts of 1919.  As such it had power, among other things, to loan money on real or personal security and "to sell its secured or unsecured certificates of indebtedness for investment, and to receive from purchasers thereof payment therefor in instalments or otherwise, the receipt of, or the agreement to receive, payment for any such certificate in equal weekly or monthly instalments extending over substantially the period of any loan secured by a pledge thereof not to be construed as part

payment of such loan." The defendant Anna Rosenblatt borrowed of it $1100, giving her note for that sum, not payable at any definite date, nor containing any provision for interest, but referring to a deposit as collateral security of a certain instalment investment certificate. At the same time she signed an agreement of purchase of this certificate, in the sum of $1100, she to pay therefor in fifty weekly instalments of $22 each, with a provision that in case of default of any payment she was to pay an additional sum of five cents a week for each dollar she was in default. At the time she signed the note the plaintiff deducted from its amount the sum of $88, representing an interest charge for the year of six per cent upon the whole sum loaned and an additional two per cent purporting to cover charges of investigation. Thereafter the defendant Rosenblatt paid various instalments provided for in the agreement amounting to $572 and penalty charges of $51.70, of which $5.50 accrued more than one year after the loan was made. The plaintiff brings its action to recover the amount of the loan less the amount paid to it by the defendant.

The trial court concluded upon the above facts and others it would serve no good purpose to rehearse, that the purported agreement to purchase the instalment investment certificate did not represent a separate and bona fide transaction, but that the whole transaction was simply a loan and nothing more. This conclusion is amply justified by the facts found and, if further confirmation were needed, it appears from the fact that in this action the plaintiff claimed to recover only the balance left after deducting from the amount of the note the payments made under the agreement to purchase the certificate. This agreement not being a bona fide-and separate transaction, the situation does not fall within the provision quoted from Chapter 196

of the Public Acts of 1919 that instalment payments upon such a certificate are not to be construed as part payment of a contemporaneous loan.

Reading together the note and agreement of purchase, the effect of the transaction is that the defendant borrowed $1100 of the plaintiff, to be repaid in fifty weekly instalments of $22 each, with a penalty of five cents a week for each dollar she was in default in the payment of any instalment, and that for the making of this loan the plaintiff charged $88. We may disregard any question growing out of the five cent penalty, for, without the payments made under it, the plantiff clearly charged more than the amount allowed by law. The loan being one to be repaid in instalments, so that the amount due upon it would steadily decrease, until, during the last week, only $22 was due, the plaintiff was not entitled to charge interest upon the whole loan for the whole time, but only upon such sums as remained due from time to time. Even at the rate provided in the statute as the maximum for such a loan, twelve per cent, it would have been entitled to charge as interest not more than $66.

There is no ground for attack upon the finding of the trial court that the note and agreement to purchase the certificate were actually made for the purpose of violating the statute prohibiting the plaintiff from charging or agreeing to receive more than twelve per cent per year upon the loan and that the plaintiff did in fact receive more than the amount of interest it would have been entitled to charge upon the loan at that rate; and by the express terms of the statute no action lies to recover the whole or any part of a loan made in violation of its terms. General Statutes, §§ 4798, 4802.

There is no error.

In this opinion the other judges concurred.