ROBERT L. BASSETT *vs.* MARIE C. FOSTER.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 13th—decided December 20th, 1932.

*Granville D. Stubbs,* for the appellant (plaintiff).

*Leslie N. Davis,* for the appellee (defendant).

MALTBIE, C. J.   The complaint as amended alleged an indebtedness of the defendant to the plaintiff, the items of which were stated in a bill of particulars annexed; that a previous action had been brought to recover the indebtedness within the period allowed by the applicable statute of limitations and an attachment made of the defendant's property; that the action had failed because of the neglect of the officer to whom the writ was given for service to return it to court before the return day; but that, instead of returning it he left it at the office of the plaintiff's attorney where it was not discovered until too late to return it to court. To the paragraphs setting up the bringing of the previous action and the circumstances of the failure to return the writ to court, the defendant demurred, in effect upon the ground that the facts alleged did not come within the provisions of § 6024 of the General Statutes, which under certain circumstances permits a new action to be brought after the running of the statute of limitations where an action brought within the period allowed by it has failed of trial upon its merits. The trial court sustained the demurrer.  The defendant promptly filed an answer, containing a general denial of the remaining allegations of the complaint and setting up as a special defense the statute of limitations.  The plaintiff failed to plead further and a judgment of nonsuit was entered against him.

One of the causes of failure of an action specified in the statute as ground for bringing a new action after the statute of limitations has run is "insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was

committed." The complaint as amended sets up a clear default or neglect of the officer in failing to return the writ to court before the return day; General Statutes, § 5463; the sufficiency of the allegations as against the demurrer are to be tested by the facts provable under them; *Judd* v. *Mutual Bank & Trust Co.*, 114 Conn. 553, 559, 159 Atl. 487; *Middletown Trust Co.* v. *Middletown National Bank,* 110 Conn. 13, 21, 147 Atl. 22; and it might appear that it was this default or neglect which caused the action to fail of trial upon its merits. The demurrer should have been overruled.

The applicability of § 6024 having been determined adversely to the plaintiff, the statute of limitations clearly barred his claim and he could not successfully plead to the special defense, unless he could rely upon some matter of avoidance, such as a new promise. Lacking such matter, he had no other choice than either to admit the allegations of the special defense, with the result that judgment would go against him upon the pleadings, or to fail to plead and suffer a nonsuit, with a judgment against him based upon it. He could not try the issues raised by the allegations of the complaint as to the defendant's indebtedness to him and the latter's general denial and he is not debarred from his appeal because he did not attempt such a useless procedure. The judgment upon the nonsuit in no way involved those issues. The provisions of § 5662 and § 5663 of the General Statutes, concerning nonsuits and permitting an appeal only from the denial of a motion to set a nonsuit aside, do not apply to judgments entered upon nonsuits for failure to plead, but only, to quote from § 5662, "when on the trial of any issue of fact in a civil action, the plaintiff shall have produced his evidence and rested his cause."

Whether the present action was brought within one

year after the determination of the previous action, as required by § 6024, is a question not presented upon this record.

There is error, the judgment is set aside, and the cause remanded to be proceeded with according to law.

In this opinion the other judges concurred.