## ANTONIO ALTIERI, ET AL.
### (Trustees of the City Industrial Bank)
#### vs.
## MARY FERRIO, ET AL.

Superior Court          Fairfield County          File #50126

Present:   Hon. EDWIN C. DICKENSON, Judge.

Irving Elson,                          Attorney for the Plaintiffs

Reich & Reich,                   Attorneys for the Defendants.

## MEMORANDUM FILED AUGUST 27, 1937.

DICKENSON, J.   On December 31, 1931, the defendants executed and delivered to the City Industrial Bank their joint and several note for $2,500., representing an indebtedness of that amount of Mary Ferrio.

The plaintiffs claim that at the same time Mary Ferrio purchased from the bank an Installment Certificate of Indebtedness for Investment for $2,500. and thereafter made payments required by the certificate; that the certificate was held as collateral for the note, and the note has not been paid.

The defendant admits the note, denies the purchase of a certificate, claiming the payments made or required were on the note and not the certificate and that the loan was usurious.

The plaintiffs concede that if the payments contracted for constitute installment payments on the principal of the note the rate of interest exceeds twelve per cent. (12%) per annum.

As to the facts the plaintiffs' witness Orfeo E. Piccirillo with whom the defendant did business was an unsatisfactory witness.   His volubility and inaccuracy on the witness stand support the defendants' testimony that the certificate was not explained to her and she was led to believe and believed that she was doing no more than giving her note to take up other notes of hers held by the bank, and that the payments she made were on the note.

The case comes clearly under the ruling in **Columbus Industrial Bank vs. Rosenblatt, 111 Conn. 84, 85.**

The law, as the plaintiffs suggest was "clarified" by the passage of **Sec. 1508c. Cum. Sup.** since that decision, but that section in no way affects the instant case.   There it was found, "the purported agreement to purchase the installment investment certificate did not represent a separate and bona fide transaction but the whole transaction was simply a loan and

nothing more." **Sec. 1508c** provides that it is immaterial whether or not the sale of the certificate is made contemporaneously with the loan.

The sale of the certificate whether made contemporaneously or not must be separate in the sense that the purchaser knowingly contracts to buy a certificate at the time he receives his loan. Otherwise there is no meeting of minds on anything but the loan.

As to the plaintiffs' claim that under the ruling in **Contino vs. Turello, 101 Conn., 555** there must be shown a "specific unlawful intent to violate the statutes", the securing of the defendant's signature on one contract under the fostered belief that it relates to another is clearly sufficient evidence of this."

On trial and by brief the plaintiffs have pursued the case for the purpose of obtaining a ruling upon the validity of loans secured by investment certificates, for the reason, as stated in their brief, that "the decision of the issues raised in the present case affect not only the immediate rights of the litigants but will constitute a precedent affecting the validity of all outstanding loans of this class".

Having found there was not a bona fide purchase of such a certificate it would seem a construction of the statutes relating to investment certificates in this proceeding would be obiter dictum, but as a corollary to the finding that there was no purchase of a certificate it may be said it would seem that had there been a bona fide contract it would have saved the loan from the taint of usury.

"It is very generally held that the circumstance that the lender refused to make the loan unless the borrower would enter into another contract which apart from and unconnected with the lending would be fair and legal does not render the agreement for the loan usurious", unless the intent is to circumvent the statute. **27 R.C.L., 230, Sec. 31.**

Where the Legislature expressly authorizes the making of such a contract such an intent can hardly be read into the transaction. Further, if the statutes relating to usury and investment certificates conflict, "that section should prevail which is derived from a source that can be considered as the last expression of the lawmaking powers in enacting separate statutes on the same subject".

State vs. Giant's Neck Land & Improvement Co., 116 Conn. 119.

Tuohey vs. Martinjak, 119 Conn., 500.

As the plaintiffs argue, **Columbus Industrial Bank vs. Rosenblatt, supra, p. 86-87** does not hold contrary to this. Rather it supports the plaintiffs' contention that when there is a bona fide separate contract it meets the statute **(Chapter 196 of the Public Acts of 1919).**

Judgment is directed for the defendants on the grounds the plaintiffs have failed to prove a bona fide sale of a certificate and that the defendants' payments were made on the loan.