THE PROGRESSIVE WELFARE ASSOCIATION, INC. *v.* ARON MORDUCHAY ET AL.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued June 17th—decided July 12th, 1938.

*Raphael Korff,* for the appellant (plaintiff).

*David R. Lessler,* for the appellees (defendants).

MALTBIE, C. J. The plaintiff brought an action upon a joint and several note of the defendants, not incorporating a copy of it in the complaint nor annexing it as an exhibit. On the defendant's motion for oyer the plaintiff filed a copy. This made it a part of the pleadings and laid the basis for a demurrer by the defendants that the terms of the note violated the usury statute. *Morehouse* v. *Employers' Liability*

*Assur. Corp.,* 119 Conn. 416, 421, 177 Atl. 568. A demurrer upon that ground was sustained.

The plaintiff filed a substitute complaint, the allegations of which, so far as necessary to present the determinative issue upon this appeal are as follows: The plaintiff is a mutual association, the principal purpose of which is to accumulate the savings of its members and make loans to them; the defendants are members of the association; they applied to it for and received from it a loan to be repaid in two years under the usual terms of the association as provided in its by-laws; under these by-laws money was loaned to the members of the association at a charge of 6 per cent. per annum payable in advance, the loan to be repaid in instalments; "as security, defendants gave a mortgage to plaintiff association" made payable to its secretary but upon the agreement that the obligation "should be evidenced by a mortgage note, made payable to" the secretary and immediately transferred to the plaintiff, an assignment of the mortgage deed to be executed but not recorded, in order that the plaintiff's name should not appear upon the land records. The defendants filed a motion for a more specific statement asking that the complaint be amplified in several respects, particularly by stating whether there was any written agreement for the repayment of the loan and whether the note referred to in paragraph 8 was the same note, a copy of which had been filed in connection with the original complaint, and also by filing a copy of the mortgage referred to in that paragraph. The trial court granted the motion and the plaintiff filed a statement including the facts that there was no written agreement for the repayment of the loan, and the note referred to was that a copy of which had been filed, and giving a copy of the mortgage. The defendants again demurred, the substance

of that demurrer being that the loan as evidenced by the note was usurious. The trial court ultimately sustained the demurrer on the ground stated. That a loan upon the terms stated in the note would be usurious and not recoverable is not questioned.

The plaintiff claims that the action under the substitute complaint is one to recover a loan made under and governed by the by-laws of the association and is not one upon the note which with the mortgage is only collateral security for the repayment of the debt. If that claim is sound the plaintiff might prove itself entitled to recover, for the provisions of the by-laws referred to in the complaint only call for the payment of interest at 6 per cent. in advance, and a loan made upon that basis might not prove to be usurious. General Statutes, § 4732. A debtor may give as collateral security for a debt another obligation of his own where that is secured by a lien on property or the like. *First National Bank* v. *National Grain Corp.*, 103 Conn. 657, 666, 131 Atl. 404; *In re Waddell-Entz Co.*, 67 Conn. 324, 334, 35 Atl. 257; *Hill* v. *Banks*, 61 Conn. 25, 23 Atl. 712; *Continental Life Ins. Co.* v. *Barber*, 50 Conn. 567; *Dies* v. *Wilson County Bank*, 129 Tenn. 89, 96, 165 S. W. 248; *Jones* v. *Third National Bank*, 13 Fed. (2d) 86, 89; 49 C. J. 903. In *Pothier* v. *Reid Air Spring Co.*, 103 Conn. 380, 388, 130 Atl. 383, while the illegality there in question was not usury, the general principle is thus stated: "The first count in the complaint is framed to recover for an indebtedness, a loan from plaintiff to defendant, and is adequate and sufficient for that purpose. The nature of the collateral pledged does not affect the transaction, whether good or bad, valid or invalid." In *Johnson* v. *Johnson*, 11 Mass. 359, 362, where the defense claimed was usury, it is said: "It being admitted that the note by which he would discharge himself was usurious, it

follows that it was void; and, being void, it can have no effect upon the original contract, in which there was no taint of usury. The note was nothing but a security for the debt: the security is void, but the debt remains good." In *Winsted Bank* v. *Webb,* 39 N. Y. 325, 331, another action in which usury was claimed, the court stated: "The plaintiff admits, it is true, that the usury alleged in the answer of the defendants existed, but the plaintiff's cause of action in no wise depends upon that fact. The very ground upon which the defendants insisted upon the nonsuit was, that, according to the plaintiff's admission, the last note was usurious. He stated his motion upon that fact. He cannot complain, that the plaintiff thereupon says, if you deny the sufficiency of the last six notes to entitle me to recover, you drive me to my original cause of action, and that is valid. I admit the usury, but I seek no advantage therefrom."

It follows that if the note and mortgage here in question were found not to represent the loan as such, but to constitute a separate and distinct obligation given by way of collateral security, the invalidity of the mortgage note would not prevent the plaintiff from recovering upon the loan itself. If the note represented the obligation of the loan, its provision for an unlawful rate of interest would preclude a recovery in the action and no attempt to separate the transaction into several parts could avail. *Columbia Industrial Bank* v. *Rosenblatt,* 111 Conn. 84, 86, 149 Atl. 209. "Where the corrupt agreement is in fact one contract the statute avoids the whole into how many parts soever ingenuity may have subdivided it. It does not stop short when a single head of the Cerberus is lopped off. It is satisfied only by the extinction of life." *Clark* v. *Badgley,* 8 N. J. L. 233, 237. The question whether in such a case the note and

mortgage represent the loan or a distinct obligation collateral to it is one to be determined upon a trial of the facts, and the court will of course be vigilant to prevent any device by which the statute may be evaded. But we must consider the case from the standpoint of the facts which might be proven under the complaint. *Bassett* v. *Foster*, 116 Conn. 29, 31, 163 Atl. 456. Under the complaint the plaintiff may be able to prove that the defendants are indebted to it for a loan, not usurious, which was separate and distinct from the obligation evidenced by the note secured by the mortgage. Jones, Collateral Securities (3d Ed.) § 144. The demurrer should have been overruled.

The granting of the motion for the more specific statement, also assigned as error, and the plaintiff's compliance with it did not prevent it from proving such a cause of action or make its burden of proof heavier. It does not appear that, if the trial court erred in its ruling, this was in any way harmful to the plaintiff.

There is error and the cause is remanded to be proceeded with according to law.

In this opinion the other judges concurred.