## PROGRESSIVE WELFARE ASSOCIATION, INC.
*vs.*
## ARON MORDUCHAY, ET UX.

Superior Court  Fairfield County  File No. 53885

MEMORANDUM FILED DECEMBER 6, 1939.

*Israel J. Cohn,* of Bridgeport, for the Plaintiff.
*David Lessler,* of Bridgeport, for the Defendants.

O'SULLIVAN, J. The plaintiff is a mutual association, whose principal purpose is to accumulate the savings of its members and make loans to them. Aron Morduchay, who will be referred to herein as the defendant, was a member of the association. On February 16, 1932, after his application had been approved, the plaintiff made a loan of $5,000 to him, and received as evidence of the debt a joint and several note executed by himself and his wife as comakers.

It is urged that the loan was usurious and this conclusion is inevitable for several reasons, one of which will be ample to discuss.

Section 4732 of the General Statutes, Revision of 1930, provides that no person and no firm or corporation, other than a pawnbroker, shall loan money to any person and, directly or indirectly, charge, demand, accept or make any agreement to receive, therefor, interest at a rate greater than 12% per annum.

When the loan was made, the following note was executed:

"$5,000.00                                    February 16, 1932.

For value received, we, jointly and severally, promise to pay to the order of A. E. Nishball five thousand and no/100 dollars payable as follows, viz: In weekly installments of $50.00 each until the principal of this note is paid in full, together with interest totaling $600.00, which interest shall be paid as follows: $300.00 at the time this note and the mortgage securing the same are executed and the balance at the rate of $6.00 each week payable each week with the installment on the principal, together with all taxes assessed upon said sum against said payee or the holder of this note, together with attorneys fees and expenses, if an attorney is employed to collect this obligation.

Provided, however, that if any of the payments of interest or principal shall remain in arrears and unpaid after the same shall fall due as aforesaid, the principal of this note shall immediately thereafter, at the option of the holder thereof, become due and payable on demand.

ARON MORDUCHAY
SYLVIA MORDUCHAY."

In passing, it might be observed that the original payee was an officer of the lending association who served as a fiction and immediately indorsed the note to the order of the plaintiff.

By the terms of this note, the principal of the loan was to be

repaid in installments. Consequently the amount would steadily decrease until during the last week only $50 would be due. Hence, the plaintiff was not entitled to charge interest upon the whole sum, but only upon such sums as remained payable from time to time. *Columbus Industrial Bank vs. Rosenblatt,* 111 Conn. 84, 87. The average amount of money which the borrowers would have in their possession from the time of the loan until it was paid as per the terms of the note would be $2,500. Simple arithmatical calculations will, of course, demonstrate that $600 is in excess of interest computed at 12% per annum. Hence, the note is obviously usurious. The note, however, represented the obligation of the loan. It did not constitute a separate and distinct obligation given by way of collateral security. Thus, the loan was usurious. *Progressive Welfare Association, Inc. vs. Morduchay,* 124 Conn. 485. Where the corrupt agreement is in fact one contract, as it was in this case, the statute against usury avoids the whole into how many parts soever ingenuity may have subdivided it. "It does not stop short when a single head of the Cerberus is lopped off. It is satisfied only by the extinction of life." *Clark vs. Badgley,* 8 N.J.L. 233, 237.

The loan being usurious, judgment must enter for the defendants.

On the cross complaint, the issues are found for the plaintiff.