THE CAPITOL NATIONAL BANK AND TRUST COMPANY *v.*
DAVID B. ROBERTS, INC., ET AL.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued April 14—decided June 23, 1942.

*Harry M. Albert* and *Michael V. Blansfield*, with whom was *A. A. M. Schweitzer*, for the appellants (defendants).

*W. Arthur Countryman, Jr.*, for the appellee (plaintiff).

MALTBIE, C. J. The plaintiff brought this action to recover on a note for $2500 made to it by the defendant corporation and indorsed by the defendant David B. Roberts. We shall not attempt to treat separately the two defendants but shall refer to them indiscriminately as the defendants. The trial court gave judgment for the plaintiff to recover the amount of the note plus an attorney's fee provided in it, with a deduction of a certain amount which it had received because of collateral it held. The defendants have appealed.

As to the underlying facts, the defendants do not attack the finding in any material respect. Dominic Fazzano was, on April 15, 1929, indebted to the plaintiff in the amount of $21,836.19 on account of loans made by it to him and the discount of notes of which he was the payee. The plaintiff requested him to give it security for this debt and he executed to Edward F. Dustin, acting for the plaintiff, a note and mortgage in the sum of $25,000 upon certain real estate he

owned. This mortgage was in the usual form of a mortgage to secure a note for $25,000 and made no reference to the fact that it was collateral security for Fazzano's real debt to the plaintiff. The only consideration for this mortgage was Fazzano's indebtedness to the plaintiff and its forbearance as regards his default on the debt. From time to time thereafter Fazzano made payments on the debt. Before May 13, 1931, the plaintiff discounted for Fazzano a note for $3200 made to him by one Finlay, and thereafter both he and Finlay made payments on this note.

The defendants had sold to Fazzano a certain piece of real estate on which was a mortgage; they continued to be liable on it; Fazzano became in default with respect to the payments due on it and, to protect the defendants, he conveyed to them the property he had mortgaged to the plaintiff. The deed stated that the property was subject to this mortgage "upon which there is an unpaid balance of Twenty-one Thousand Eight Hundred (21,800) Dollars." The deed did not contain an agreement to assume the mortgage, but in a separate instrument, which also recited that $21,800 was due on it, the corporation assumed and agreed to pay that sum, $1800 in cash and $2500 every six months thereafter until the whole was paid. The plaintiff placed upon this instrument its written acceptance. Roberts, in the course of the negotiations which resulted in this transaction, had inquired of both Fazzano and the plaintiff's treasurer as to the amount due on the mortgage, and both had assured him that $21,800 was due, and the assumption agreement was signed in the belief that this was so. The defendants paid the plaintiff the $1800 in cash due on the acceptance of the assumption agreement. Thereafter the defendants made payments on account of this agreement to the plaintiff but did not

fully comply with its terms. On September 27, 1933, at the suggestion of the president of the plaintiff, another agreement was made between it and the defendants by which they were to pay it $6000 in full settlement, $3500 in cash and the balance to be represented by a note in the amount of $2500. The cash was paid and the note made and the plaintiff delivered the Fazzano note and mortgage to the defendants with a release of the latter. The defendants gave the plaintiff, as security for the note it then made, certain shares of stock and a second mortgage upon certain real estate which the holder of the first mortgage subsequently acquired by foreclosure. The note for $2500 was renewed from time to time and the defendants paid interest on it, but the plaintiff finally refused further renewals and the note in suit is the last one made.

Before proceeding further with a discussion of the facts, we should premise this. Under the finding of the court, Fazzano's mortgage to the plaintiff was intended to secure his then existing indebtedness to it; it was not a mortgage to secure any debts arising in the future. Fazzano's obligation on account of the Finlay note would not be included in it. Indeed the exhibits and evidence make it clear that the plaintiff regarded that note as creating an indebtedness by Fazzano distinct from that which the mortgage was intended to secure. Although the mortgage stated the sum due to be $25,000, it was a lien only to the amount of the existing indebtedness. *Thomas* v. *Scougale,* 90 Wash. 162, 169, 155 Pac. 847; *Grennon* v. *Kramer,* 111 N. J. Eq. 337, 340, 162 Atl. 758. *Hill* v. *Banks,* 61 Conn. 25, 23 Atl. 712, and *First National Bank* v. *National Grain Corporation,* 103 Conn. 657, 131 Atl. 404, relied on by the plaintiff, do not hold to the contrary; in both there was an actual indebtedness

equal to the sum stated to be due in the collateral mortgage. As the mortgage was a lien only to the amount of the indebtedness, payments made to reduce that indebtedness would equally reduce the amount due on the mortgage.

The trial court made various findings as to the amounts due the plaintiff at the time the different transactions occurred and as to its method of dealing with the matter. The defendants seek corrections in regard to these matters. Many of these transactions are substantiated beyond dispute by the terms of the instruments made to and accepted by the plaintiff, by a statement of account which its treasurer during the period in question, appearing as its witness, testified to be correct and by oral testimony he gave, or uncontradicted testimony of a nature such that if it was not true the plaintiff would naturally have disputed it and which is supported by inferences irresistible in the absence of explanation. Without taking up the matters involved in detail, the further findings of the court must be corrected to state these facts: Although the Fazzano mortgage was merely collateral security for his indebtedness to the plaintiff, when Fazzano made payments toward the discharge of that indebtedness many of them were not applied to reduce the mortgage. When the defendants took the conveyance from Fazzano and assumed the mortgage, instead of $21,800, which the plaintiff and Fazzano informed the defendants was the amount due, Fazzano's entire indebtedness to the plaintiff was $11,237.67, in which was included $1600 still due on the Finlay note. At the time of the final settlement between the plaintiff and the defendants, the note secured by the mortgage had been indorsed to show only $6200 as the amount which had been paid upon it. The plaintiff at this time represented to Roberts that $18,800 was due on it,

this amount evidently being reached by deducting the $6200 from the face of the note secured by the mortgage, $25,000, although this latter sum was never due on it, and the indorsements on it failed to take any account of a payment of more than $400 which the plaintiff originally applied to the Finlay note but subsequently allocated toward the payment of the mortgage. As a matter of fact, at this time there remained due on the original Fazzano indebtedness secured by the mortgage only $3731.24, including $221.67 of interest added to the principal, with the possible addition of interest apparently unpaid for a period of some six months. That was the value of the lien of the Fazzano mortgage, the surrender of which was the consideration of the $3500 then paid in cash by Roberts and the making of the $2500 note. Unless it be because of the circumstances hereafter discussed, in the case as it stands before us there was a substantial failure of consideration for the note to the benefit of which the defendants were entitled. *Davis* v. *Davis,* 128 Conn. 243, 246, 21 Atl. (2d) 393.

While the court has not specifically found that the defendants are estopped to deny the fact that there was a mortgage debt to the plaintiff in the amount of $21,800, as stated in the conveyance to them and in the assumption agreement, the plaintiff makes this claim before us. Ordinarily, one who accepts a deed which recites that the land is subject to, or that he assumes the payment of, a mortgage to a certain amount is estopped to dispute that recital. *Rabinovitz* v. *Marcus,* 100 Conn. 86, 91, 123 Atl. 21; 2 Jones, Mortgages (8th Ed.), § 928. The grantee in such a deed does not, however, execute it, and the estoppel is not one by deed, but in pais. 19 Am. Jur. 619, § 21. Its basis is that the grantee, having accepted the conveyance upon a stipulation that a portion of the pur-

chase price shall be paid to the mortgagee, will not ordinarily be permitted to dispute that the amount stated to have been assumed, and presumably deducted from the purchase price, is justly due. 2 Jones, op. cit., § 928. That estoppel does not, however, arise where the amount of the mortgage stated to be assumed does not enter into the purchase price of the property; *Maher* v. *Lanfrom,* 86 Ill. 513, 521; *Brooks* v. *Owen,* 112 Mo. 251, 260, 19 S. W. 723, 20 S. W. 492; 2 Jones, op. cit., p. 283; and the circumstances of the conveyance to the defendants and the finding that it was made to protect them against liability on another mortgage suggest that this might have been the situation here.

That aside, making certain further necessary corrections in the finding, it should state that before entering into the transaction by which the defendants assumed the mortgage Roberts asked Fazzano as to the amount due on it to the plaintiff and was informed that it was $21,800; that Roberts then inquired of the plaintiff and received a verification of this statement; and that the assumption agreement was signed in reliance upon information so obtained. It was obviously untrue. The plaintiff is in no position to insist that the defendants are estopped to deny a recital in the deed which was induced by its own misrepresentation of fact. *Holden* v. *Putnam Fire Ins. Co.,* 46 N. Y. 1, 8; 21 C. J. 1138, § 137; 31 C. J. S. 281, § 75. The recital in the assumption agreement as to the amount due on the mortgage cannot avail the plaintiff as an estoppel by deed, because such an estoppel is not applicable when the deed is only collaterally involved in action, as was the case here. *Claflin* v. *Boston & Albany Railroad,* 157 Mass. 489, 491, 32 N. E. 659; *Pleason Realty & Investment Co.* v. *Kleinman,* 165 Minn. 342, 344, 206 N. W. 645; 19 Am. Jur. 626,

§ 27. Moreover, even an estoppel by deed is subject to the limitation that it cannot be invoked by one through whose imposition and misrepresentation a statement was inserted in the deed. *Rich* v. *Atwater*, 16 Conn. 409, 416. To permit the plaintiff to avail itself of an estoppel in this situation would be to violate the fundamental principle that estoppel is restricted to the prevention of a wrong and cannot be used to secure an unjust advantage, that it " 'is available only for protection, and cannot be used as a weapon of assault.' " *Stanio* v. *Berner Lohne Co., Inc.*, 127 Conn. 431, 435, 17 Atl. (2d) 502.

The gist of the trial court's conclusions is that, as a result of the transaction by which the defendants took a conveyance of the property and executed the assumption agreement, Fazzano's mortgage to the plaintiff lost its character of collateral so far as Fazzano and the defendants were concerned and became a secured indebtedness owned by Fazzano, subject only to the lien of the bank for the security of Fazzano's account, and that as a result of the transaction the plaintiff had a legal right and duty to require payment from the defendants up to the amount of $21,800. We are somewhat at a loss to understand the purport of this conclusion. Fazzano was not a party to the action and any question of indebtedness of the defendants to him is not an issue. All that the finding discloses is a conveyance to the defendants subject to the mortgage and a separate agreement by them to assume it. If, by reason of the fact that a purchaser of an equity of redemption is estopped to contest the amount due upon a mortgage upon the property, the mortgagee collects more than the sum actually due to him on the debt, it may be that he would be accountable to the grantor of the equity for the balance above the debt to him. But, in the absence of some further

agreement, the mortgagee is under no duty to collect more than the debt due him; and certainly this would be so if the amount stated to be due on the mortgage assumed did not enter into the determination of the consideration for the sale of the equity of redemption. The finding is silent as to any agreement between the parties which would change the nature of the defendants' obligation from that ordinarily incident to an assumption of a mortgage upon the property conveyed to the defendants. The conclusions of the trial court are not supported by the subordinate facts found. Indeed, in the course of the trial plaintiff's counsel, in discussing the issue with the court, specifically stated that the plaintiff was not seeking to recover anything that was not due to it.

Without pursuing the inquiry further, we conclude that, upon the case as it stood in the trial court, the defendants were liable to the plaintiff, when the original note for $2500 was given, in an amount little more than the $3500 then paid in cash; that the facts disclosed no reason why the defendants should be compelled to pay to the plaintiff anything more than the sum remaining due on the Fazzano debt; and that there was a partial failure of consideration for the note. The defendants filed a counterclaim but the finding does not fairly present such questions as might arise in regard to it, and we do not consider it. In passing, however, we note that our examination of the evidence discloses that after the defendants assumed the mortgage the plaintiff collected interest, not upon the amount due upon the Fazzano indebtedness, but upon the full amount of the sum stated in the mortgage to be due, less the payments it had seen fit to indorse upon it, and that since the making of the $2500 note the plaintiff has collected interest on that

sum, although the amount of the indebtedness it actually represented was only a small fraction of it.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.