SAUL SHAPIRO ET AL., EXECUTORS (ESTATE OF DIANA S. A. HIRSHFELD) v. DORA S. NEIDITZ

SUPERIOR COURT        HARTFORD COUNTY        FILE No. 83046

Memorandum filed February 21, 1949.

*Shipman & Goodwin,* of Hartford, for the Plaintiffs.

*Apter & Nahum,* of Hartford, for the Defendant.

ALCORN, J.   The plaintiffs seek to foreclose a mortgage securing a demand note for $16,000 without interest, signed by the defendant on October 7, 1940.   The answer denies the indebtedness and, by way of cross-complaint, alleges absence of consideration, that the note and mortgage were executed without expectation that they would be collected or become a part of the estate, and that the deceased had agreed to release the mortgage and return the note for cancellation upon the defendant's request, but had not done so.   The defendant therefore seeks a decree declaring the mortgage and note to be without consideration and void, ordering the plaintiffs to deliver the note to the defendant for cancellation and to release the mortgage and such other relief as may be proper.

The plaintiffs are executors of the estate of Diana S. Adler Hirshfeld, who died on September 28, 1947.   The deceased was a sister of the defendant.   Dr. Shapiro, one of the executors, is a brother of the deceased and of the defendant.   The other executor, Mr. Hirshfeld, is the husband of the deceased.   Mr. Hirshfeld and the defendant are beneficiaries of the deceased's estate.

Among the belongings of the deceased, Dr. Shapiro found the mortgage and note signed by the defendant. They were contained in an envelope on which the following appeared in the deceased's handwriting:

"Mortgage & papers pertaining to 282 Edgewood St. Hartford—Dora's house.

"No interest is to be collected on this mortgage & if I pass away & Dora survives me—I want this mortgage cancelled—it is not part of my estate.

Diana

11/26/40

Witness: Jerome Hirshfeld"

The words "Witness: Jerome Hirshfeld" on the memorandum above quoted are in the hand of Mr. Hirshfeld, one of the executors, who witnessed the memorandum and was familiar with the transaction and his wife's intention as expressed. The deceased stated several times that she did not consider the note and mortgage a part of her estate.

The circumstances surrounding the execution of the note and mortgage are not disputed. The deceased was fearful that the defendant might be persuaded to mortgage her property to assist her husband to carry on real estate transactions. The property is the defendant's home and the deceased wished to protect the defendant against the eventuality mentioned. The amount of the note was suggested by the deceased since she believed that a mortgage in that amount would leave no equity in the mortgaged property. At the deceased's suggestion the defendant executed the note and mortgage at the office of her own nephew, an attorney, and left them with him after signing them Nothing of value, either in cash or property, was ever given as consideration for the note. The mortgage was recorded. No payments were ever made by the defendant and none were ever demanded by the deceased.

Dr. Shapiro had personal knowledge of the circumstances surrounding the execution of the note and mortgage as related, and after Mrs. Hirshfeld's death he delivered the original note and mortgage to the defendant and they cannot be found at the present time. Early in 1943 the defendant asked the deceased for a release of the mortgage and the latter promised to give her one. A document apparently intended as a release of the mortgage was signed by the deceased on January 29, 1943, and

witnessed by her New York attorney, to whom she delivered it without any instructions as to its disposition by him. It was never delivered to the defendant.

It is to be presumed that the note and mortgage are valid, in the absence of evidence to the contrary. *First National Bank* v. *National Grain Corporation,* 103 Conn. 657, 662. The mortgage secures the debt of which the note is only evidence, and irrespective of the amount stated in the mortgage it is a lien only to the amount of existing indebtedness. *Capitol National Bank & Trust Co.* v. *David B. Roberts, Inc.,* 129 Conn. 194, 197; *City National Bank* v. *Stoeckel,* 103 Conn. 732, 741. In situations where an indebtedness existed, once the debt is paid the mortgage interest ends. *Palmer* v. *Uhl,* 112 Conn. 125, 128. As between the parties, the failure in whole or part of the consideration is a good defense in whole or in part to action on the note. *Davis* v. *Davis,* 128 Conn. 243, 246. It is equally true that whatever extinguishes the debt discharges the mortgage. *Peck* v. *Lee,* 110 Conn. 374, 378. The evidence in this case is that there was never at any time any indebtedness to secure, and consequently the mortgage, although an incumbrance of record, actually constituted no lien to any amount upon the defendant's property.

A decree may enter in favor of the defendant upon the complaint and upon the cross-complaint. There is no necessity for a decree directing the plaintiffs to surrender the original note and mortgage to the defendant since that has already been done. The defendant is entitled, however, to have the record incumbrance upon her property cleared and a decree may enter directing the plaintiffs to execute and deliver to the defendant a good and sufficient release of the mortgage in issue.