EGON NEUSTADT ET AL. *v.*
TOWN ZONING COMMISSION OF SHERMAN ET AL.

SUPERIOR COURT    FAIRFIELD COUNTY AT DANBURY    FILE No. 88134

Memorandum filed January 12, 1953.

*Wilson, Hanna & Wanderer,* of Danbury, for the Plaintiffs.

*Ferris & Anderson,* of New Milford, for the Defendants.

KING, J. This is an action brought by the plaintiffs, landowners and developers, seeking to have declared invalid, as unreasonable and discriminatory, the defendants' zoning classification of the plaintiffs' land adjacent to Emerald Lake, in Sherman.

The plaintiffs demurred to a special defense in the answer which pleaded, in effect, that the plaintiffs asked for, and agreed to, the zoning regulations complained of at the time of their original adoption in 1946; that such regulations, as far as the plaintiffs' land is concerned, have remained unchanged ever since; and, so, that the plaintiffs (1) have waived any right to object to the regulations and (2) are estopped to claim any invalidity in them. Such is the construction put upon this pleading in the defendants' own trial brief.

It may be noted in passing that since this is an independent proceeding seeking a declaratory judgment, the plaintiffs are free to attack the validity of the regulations even if it developed that they had already sought relief under them. *Gionfriddo* v. *Windsor,* 137 Conn. 701, 703; *Strain* v. *Zoning Board of Appeals,* 137 Conn. 36, 40.

Waiver is the intentional relinquishment of a known right. *National Transportation Co.* v. *Toquet,* 123 Conn. 468, 475. And the essential elements of waiver must be pleaded. *Fields* v. *Metropolitan Life Ins. Co.,* 132 Conn. 588, 592.

Nowhere in the special defense is it alleged that the plaintiffs intentionally relinquished a right or that any such right was known to them. It follows that the special defense, as now drawn, does not adequately allege the defense of waiver.

The estoppel claimed here was, of course, in pais and not by deed. 19 Am. Jur. 601, § 3; *Capitol National Bank & Trust Co.* v. *Roberts,* 129 Conn. 194, 199. Estoppel in pais consists of at least two essential elements. As applied to the parties here, (a) the plaintiffs must have done or said something intended or calculated to induce the defendants to believe in the existence of certain facts and to act upon that belief; and (b) the defendants, influenced thereby, must, to their injury and prejudice, have actually changed their position or done some act which they otherwise would not have done. *Tradesmen's National Bank* v. *Minor,* 122 Conn. 419, 424; *National Transportation Co.* v. *Toquet,* supra, 477.

But an estoppel which, as here, is not by deed but in pais need not be pleaded. *Reardon* v. *Mutual Life Ins. Co.,* 138 Conn. 510, 519. Therefore it is immaterial whether or not as pleaded all of the essential elements of an estoppel are alleged. *Wolfe* v. *Wallingford Bank & Trust Co.,* 124 Conn. 507, 510.

The demurrer attacks the special defense as a whole. It does not separately attack so much of it as purports to set forth the defense of waiver and so much of it as purports to set forth the defense of estoppel. Practice Book § 96; id., Form 259, par. 3; *Donovan* v. *Davis,* 85 Conn. 394, 398. It is true that for the reasons hereinbefore pointed out the defense of waiver is inadequately pleaded and, so, this part of the special defense would have been vulnerable to demurrer had it been separately attacked. But the defense of estoppel is not inadequately pleaded, and, so, is not vulnerable to attack by demurrer. And the demurrer attacks the entire special defense, which embraces both waiver and estoppel, as a whole. A demurrer so attacking a special defense as a whole must be overruled if any defense alleged would, if proven, be efficacious. *Cashman* v. *Meriden Hospital,* 117 Conn. 585, 586; *Board of Water Commissioners*

v. *Robbins,* 82 Conn. 623, 633. The defense of estoppel, if proven, might be efficacious. It follows that the demurrer, as now drawn, must be overruled.

The demurrer to the special defense of the answer is overruled.