JAMES M. ROSEN *v.* CHARLES J. COLLIGAN

SUPERIOR COURT      NEW HAVEN COUNTY      FILE No. 79858

Memorandum filed June 23, 1954.

*Morris B. Straka,* of New Haven, for the plaintiff.

*Sherman L. Quinto,* of New Haven, for the defendant.

KING, J. This was an action for the foreclosure of a mortgage securing a negotiable promissory note given by the defendant to one Flanagan. Thereafter (paragraph 3 of complaint) "by his deed of assignment, said Flanagan assigned said mortgage and indorsed and delivered said note to the plaintiff and the plaintiff now owns the same." It is further alleged (paragraph 4 of complaint) that the note is in default and under its terms is now due and payable.

The defendant filed an answer denying the allegations of paragraph 3 of the complaint and admitting the other allegations. In addition two special defenses were filed. The first special defense alleges, in effect, an agreement on the part of Flanagan ·with the defendant, at the time of delivery of the note, that the defendant would not have to pay the note under certain conditions which are alleged now to exist. The second special defense alleges, in effect, misrepresentations on the part of Flanagan which are claimed to amount to a pro tanto failure of consideration.

The plaintiff improperly demurred to both special defenses of the answer as a whole. *Neustadt* v. *Zoning Commission,* 18 Conn. Sup. 225, 227. While the demurrer lacks the clarity desirable it sets up four main grounds.

(a) The first ground of demurrer is that the special defenses allege collateral matters between Flanagan (who is not a party to the action) and the defendant which are irrelevant and immaterial as to the plaintiff. Nowhere in the complaint is the plaintiff described as a holder in due course or as one who gave value for the note and mortgage. Under these circumstances the matters alleged in the special defenses cannot be said to be as matter of law inefficacious against the plaintiff. General Statutes §§ 6343-6351. Furthermore, under § 6351, if either special defense is proven as to Flanagan, then the plaintiff loses the benefit of any presumption he might otherwise have that he is a holder in due course. *Garris* v. *Calechman*, 118 Conn. 112, 115. And if he was not such a holder in due course, then under § 6350 his rights are merely those of an assignee, against whom any defenses effective against the assignor are also available.

There is no merit to the first ground of demurrer (paragraphs 1 and 2). Flanagan may not even be an essential witness and certainly is not a necessary party.

(b) The second ground of the demurrer (paragraph 3) is also inefficacious. In so far as it alleges that the plaintiff was a purchaser for value it is a "speaking demurrer" since no such allegation, as previously pointed out, appears in the complaint. *Blanchard* v. *Nichols*, 135 Conn. 391, 392; *Andrews Industries, Inc.* v. *Andrews*, 14 Conn. Sup. 305; *Irving Trust Co.* v. *Atwood*, 15 Conn. Sup. 114; *Georgie* v. *Rockville*, 16 Conn. Sup. 135, 136. Neither is there any requirement in the statute (§ 6348) that in order to lose his status as a holder in due course an indorsee must have "express notice from the face of the instrument" of a defect in the title of his indorser. *Kossover* v. *Willimantic Trust Co.*, 122 Conn. 166, 171.

(c) Paragraph 4 of the demurrer is also based on the erroneous theory that some particular type or form of notice must be alleged in the special defense of the answer in order to affect an indorsee.

(d) Paragraph 5 of the demurrer is too general to be sustainable on any theory under our rule. § 7814.

It should also be noted that where, as here, there are multiple special defenses, it is improper to demur to them as a whole as was done in this case. Practice Book § 96. Under the method adopted by the plaintiff, if either special defense could be effective, the demurrer would have to be overruled. *Cashman* v. *Meriden Hospital,* 117 Conn. 585, 586; *Neustadt* v. *Zoning Commission,* 18 Conn. Sup. 225, 227.

The demurrer is overruled on all grounds.