RICHARD HABIB *v.* RICHARD H. DOME

CIRCUIT COURT
FIFTH CIRCUIT
FILE No. CV 5-669-6628

Memorandum filed November 8, 1966

*James W. Bracnaro,* of Shelton, for the plaintiff.

*Joseph H. Sylvester,* of Shelton, for the defendant.

WISE, J. In this action the plaintiff seeks recovery for the reasonable and fair value of certain improvements he made on property owned by the defendant.

Briefly stated, the complaint alleges that on or about June 1, 1964, the defendant orally leased premises owned by him to the plaintiff on a month-to-month basis; that the plaintiff entered into possession of said premises; that on or about said date the defendant orally agreed to sell said premises to plaintiff for $13,000, at which time the plaintiff told the defendant that he had no down payment and that he could only procure a $10,500 mortgage; that the defendant told the plaintiff to wait until the plaintiff got more money and then he could buy the property; that in reliance on said promise to sell, the plaintiff proceeded to make various improvements from time to time on the premises on the expectation that when he purchased the property the benefits would be his; that the defendant had full knowledge of said improvements and from time to time told the plaintiff that the premises were his and hence any improvements thereon would be his also; that on October 7, 1965, without terminating his agreement to sell and without the knowledge of and consent by the plaintiff, the defendant sold the premises to a third person; that prior to said sale the plaintiff advised defendant that the Shelton Savings and Loan Association had approved a $10,000 mortgage for the premises; that the defendant said he would be willing to give plaintiff a $2000 second mortgage even if said bank would give a $11,000 mortgage, and to keep trying; that because of the conduct of the defendant in preventing performance by the plaintiff, the plaintiff seeks recovery for the reasonable and fair value of the improvements "conferred on the Defendant with interest, which improvements bene-

fited the Defendant, and which if the Plaintiff is not allowed to recover in this action, would result in an unjust enrichment to the Defendant at the expense of the Plaintiff."

The defendant filed a demurrer to the complaint for the reason "that the option referred to therein is parol agreement for the sale of real estate or any interest in or concerning it and is further an agreement which was not performed within one year from the date of its alleged making, and is insufficient to comply with the requirements of the Statute of Frauds, in as much as the same is not in writing."

The instant action is not one for specific performance of a contract nor one for damages for the breach of a contract. It is an action to recover for the loss which the plaintiff has incurred as a result of making the expenditures which have enriched the defendant through plaintiff's reliance upon the defendant's course of conduct leading him to believe that the defendant would wait and cooperate to the end that the plaintiff would be able to purchase this property. Under such circumstances, equity will not permit one to enrich himself at the expense of another. Even when specific performance fails, the action at law is a personal one upon a quantum meruit to recover for the expenditures so made. "The remedy is often availed of where one, in reliance upon a parol agreement to convey land, takes possession of the land and makes improvements upon it. If the agreement be unenforceable, the vendor will be required to pay the vendee the reasonable value of the improvements in an action upon a *quantum meruit,* otherwise the vendor would be enriched at the expense of the trusting vendee." *Fischer* v. *Kennedy,* 106 Conn. 484, 492. As pointed out, the court does not have to decide whether the

plaintiff could have obtained specific performance of the oral agreement to sell the property to him. The plaintiff is not without a remedy even if the Statute of Frauds, General Statutes § 52-550, precluded the enforcement of the agreement. *Misisco* v. *La Maita,* 150 Conn. 680, 683; *Franks* v. *Lockwood,* 146 Conn. 273, 278.

As a matter of observation and comment only, without in any way deciding whether the plaintiff, under the equitable doctrine of part performance, could have obtained specific performance of the oral agreement to sell the property to him, since it is not required to so decide, the court points out that the effect of the demurrer was to admit the allegations of the complaint and to admit any facts provable under it as alleged. This would pose a factual situation. So that if the action was for specific performance or for a breach of a contract to convey, the allegations would have to be tested by the facts provable under them, and if those facts would support the cause relied upon, the demurrer must fail. *Rutt* v. *Roche,* 138 Conn. 605, 608. This would be fatal to defendant's claim under the first ground of the interposed demurrer. *Bassett* v. *Foster,* 116 Conn. 29, 31; *Blakeslee* v. *Water Commissioners,* 106 Conn. 642, 649.

Section 52-550, the Statute of Frauds, provides in part: "No civil action shall be maintained . . . upon any agreement that is not to be performed within one year from the making thereof, unless such agreement, or some memorandum thereof, is made in writing . . . ." As previously stated, the effect of the demurrer was to admit the allegations of the complaint and to admit any facts provable under it as alleged. For the reasons hereinbefore given and the cases herein cited, the demurrer must fail. Aside from this, the complaint does not allege

any time agreed upon for performance. On the contrary, performance by both parties was intended when the plaintiff could successfully arrange for financing the purchase. A contract is not within this clause of § 52-550 unless its terms are so drawn that it cannot by any possibility be performed fully within one year. "If no time is definitely fixed but full performance may occur within one year through the happening of a contingency upon which the contract depends, it is not within the statute." *Burkle* v. *Superflow Mfg. Co.,* 137 Conn. 488, 492, 493. On the allegations of the complaint, the oral agreement could have been performed within one year.

It must, however, again be repeated that the within action is not for breach of contract but is to recover for the loss which the plaintiff has incurred as a result of making, to the enrichment of the defendant, expenditures for and improvements to the property in reliance on a course of conduct by the defendant which led the plaintiff to believe that the defendant would sell the property to him. Even though a contract is within the Statute of Frauds and therefore unenforceable, it does not follow that the plaintiff is barred a recovery, for the reasons hereinbefore stated.

The demurrer is overruled on both grounds.