[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS
The defendant, State of Connecticut Judicial Branch ("State"), has moved to dismiss the complaint brought by the plaintiff, John M. Hollis ("Hollis") on the grounds that the action is time barred. Specifically, the State asserts that Hollis' efforts to invoke the so-called accidental failure of suit statute (§ 52-592) should be rejected. A hearing on the motion was conducted on November 2, 1998. For the reasons set forth below, the motion to dismiss is denied.
After obtaining a Release of Jurisdiction from the Commission on Human Rights and Opportunities on February 26, 1997, Hollis commenced a suit against the State that was served upon the State's Manager of Labor Relations. This original action was brought within the 90-day period required by the Release of Jurisdiction. This suit was dismissed for failure to make service of process upon the Attorney General. See General Statutes § 52-64.
After the dismissal of the original action, the present suit was brought pursuant to General Statutes § 52-592. That statute, in pertinent part provides:
 If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, . . . or for any matter of form . . . the plaintiff . . . may commence a new action . . .
The state claims that Hollis cannot use this statute to support the present action because the improper service was not due to any "unavoidable accident." In support of its position, the State relies on Bassett v. Foster, 116 Conn. 29 (1932). That case reversed the trial court's decision sustaining a demurrer to a complaint brought pursuant to the predecessor to § 52-592.Bassett did not discuss the concept of "unavoidable accident" as it related to service, but rather turned on the neglect of the serving officer in returning the papers to the wrong place. The second case relied upon by the State, Broderick v. Jackman, CT Page 12977167 Conn. 96 (1974), also does not support its position. Broderick
concerned an action that was erased for lack of jurisdiction. It had nothing to do with insufficient service.
Hollis asserts that the improper service in the original action stemmed from a reasonable, although legally incorrect, interpretation of General Statutes § 52-64. That statute concerns service of process in civil actions against the State of Connecticut and provides that such service "may be made by leaving a true and attested copy of the process . . . with the Attorney General" (emphasis added). Hollis argues that the word "may" suggests that service on the Attorney General is not the exclusive form of legal service on the State, and that serving the original action on the Manager of Labor Relations for the Judicial Branch was an accident made unavoidable by the ambiguous language of the § 52-64.
Section 52-592 "by its plain language is designed to prevent a miscarriage of justice if the plaintiff fails to get a proper day in court due to the various enumerated procedural problems."Legassey v. Shulansky, 28 Conn. App. 653, 659 (1992). One justification for allowing such relief is that the defendant is not disadvantaged because the defendant is put on notice within the applicable limitations period. Capers v. Lee, 239 Conn. 265,279 (Berdon J. dissenting) (1996). The State does not make any claim of disadvantage in this case.
Our Supreme Court has held that § 52-592 "is remedial and is to be liberally interpreted." Ross Realty Corp. v. Surkis,163 Conn. 388, 311 (1972). The statute was adopted to avoid the hardships arising from an unbending enforcement of limitations statutes." Gallo v. G. Fox Co., 148 Conn. 327, 329 (1961).
Based on the full record of this case, the court concludes that § 52-592 should apply to permit Hollis to have "a proper day in court." The original service, although defective, was based on a reasonable interpretation of an ambiguous statute. The defendant acknowledges that it has not been disadvantaged. In such circumstances, the remedial purpose of the statute should be effectuated. Accordingly the motion to dismiss is denied.
So Ordered at New Haven, Connecticut This 13th day of November, 1998.
Devlin, J. CT Page 12978